Jane (a slave,) vs. Commonwealth.

CASE 7—INDICTMENT—OCTOBER 22.

# Jane (a slave,) vs. Commonwealth.

APPEAL FROM OWEN CIRCUIT COURT.

The court of appeals has no power, in revising the ruling of the circuit court upon a motion in arrest of judgment, to pronounce an indictment insufficient, or to disturb the judgment thereon, for "any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

The right of the State to declare what shall and what shall not be sufficient to constitute a valid indictment for a public offense is unquestionable. The 5th article of the amendment to the Constitution of the United States applies only to cases in the United States courts.

It is not necessary to the validity of an indictment that it should show upon its face that it had been presented *on oath* by the grand jury, and, in cases of felony, that the word *"feloniously"* should be used in charging the intent with which the offense was committed.

An indictment found by a grand jury charges in substance, that "the said Jane, the slave of Ed. Smith, in the county aforesaid, on the 24th day of December, 1857, did wilfully and maliciously and with malice aforethought *kill and murder one Jane Porter*, a free white woman, by administering to her a deadly and corrosive and destructive poison called strychnine, from the effects of which the said Jane Porter —— contrary to the statute," &c. It was objected, upon motion in arrest of judgment (1) that the death of the person alleged to have been murdered is not shown to have occurred within a year and a day from the time the poison was administered; and (2) that the malice is charged generally to the killing and not in the administration of the poison, and that no knowledge of the poisonous quality of the drug is charged

Jane (a slave,) vs. Commonwealth.

against the prisoner. *Held*—that the indictment is sufficient, and substantially embraces the foregoing requsities.

See the opinion in this case for a statement of the requisites of an indictment under the statutes of Kentucky.

To authorize the court of appeals to reverse a judgment of conviction in a criminal case for errors in instructions of the circuit court to the jury, to the prejudice of the accused, it must appear from the record that *all* the instructions given by the court to the jury are contained in the bill of exceptions. It is not, however, necessary for the record to state, in terms, that all the instructions given were contained in the bill of exceptions; any equivalent expression, or any language or statement that would convey, with reasonable certainty, the same idea, would be sufficient. But such expressions as, the court was asked "to give the *following instructions*," or, *"to instruct the jury as follows,"* are insufficient.

H. MARSHALL, for appellant, cited *art. 5, amendment Constitution U. S.; Wharton's Amer. Crim. Law, 3d Ed., page* 148; *Bac. Ab., vol.* 5, *page* 68, *in note;* 2 *Dall. Pa. Rep.,* 288.

J. F. ROBINSON on same side.

A. J. JAMES, Attorney General, for Commonwealth, cited *Criminal Code, secs.* 334, 335, 121, 122, 128, 129; *Wharton's Amer. Crim. Law, secs.* 1066, 1070, 1071; *Clem vs. Commonwealth, ante.*

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This case is before us for the third time—two former judgments of conviction against the appellant having been reversed, and new trials awarded. A report of the case, upon the second appeal, will be found in 2 *Met. Ky. Rep., page* 30.

Upon the return of the cause to the circuit court the appellant was again tried and convicted, and has again appealed to this court for a reversal of the judgment.

The action of the court below is now complained of on two grounds:

*First.* That the court erred to the prejudice of the appellant in overruling her motion in arrest of judgment.

*Second.* That the court erred in the instructions given to the jury.

1. In determining the first point we are limited to the single inquiry, whether the facts stated in the indictment constitute a public offense within the jurisdiction of the court. (*Crim. Code, sec.* 271.)

Jane (a slave,) vs. Commonwealth.

The indictment was found by a grand jury of Henry county, and charges, in substance, that "the said Jane, the slave of Ed. Smith, in the county aforesaid, on the 24th day of December, 1857, did, willfully and maliciously, and with malice aforethought, kill and murder one Jane Porter, a free white woman, by administering to her a deadly, and corrosive, and destructive poison called strychnine, from the effects of which the said Jane Porter —— contrary to the statute," &c.

The requisites of an indictment under our statutes are these: It must contain the title of the prosecution, specifying the name of the court in which the indictment is presented, and the name of the parties; also, a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and it must be direct and certain as regards the party and the offense charged, the county in which it was committed, and the particular circumstances of the offense charged, where they are necessary to constitute a complete offense. *But no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant, on the merits.* (*Crim. Code, sections 121 to 129, inclusive.*)

That the indictment before us comes fully up to their requisites, both as to form and substance, is, we think, manifest upon its face.

The only objections to the sufficiency of the facts charged, are, (1) that the *death* of the person alleged to have been murdered is not shown to have occurred within a year and a day from the time the poison was administered, and, (2,) that the malice is charged generally to the killing, and not in the administration of the poison, and no knowledge of the poisonous quality of the drug is charged against the prisoner.

These objections certainly cannot be maintained, upon any reasonable and fair interpretation of the language of the indictment.

1. It is alleged in terms, concise, direct, and certain, that the accused did, on the day stated, maliciously *kill and murder Jane Porter.* In what language more distinct and certain could the *death* of Mrs. Porter have been stated? And would it not have been grossly, if not absurdly tautological, to have added that she died within a year and a day after she was so killed and murdered?

2. The same remark may be applied to the second objection. The murder is charged to have been committed with malice aforethought. There was no necessity for repeating the charge of malice in the description given of the means by which the offense was perpetrated. If the accused maliciously killed and murdered the deceased *by* administering poison, it would be hard to escape the logical and necessary conclusion that the poison was maliciously administered. And so the averment that the killing was willfully and maliciously done, necessarily implies a knowledge on the part of the accused that the means she resorted to would accomplish the felonious purpose she contemplated.

But it is insisted that the provisions of the statutes we have referred to, so far as they dispense with any matter of form or substance which was deemed necessary to the validity of an indictment, at the time of the adoption of the federal constitution, is in conflict with the 5th article of the amendments to that instrument, which provides that "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury," &c. It is said that the *indictment* here referred to had at that time a fixed and well understood meaning; that it was necessary to the validity of such indictment that it should show upon its face that it had been presented *on oath* by a grand jury; and in cases of felony, that the word *"feloniously"* was necessary in charging the intent with which the offense was committed; and, as the indictment under consideration is defective in both these particulars, it must be deemed insufficient, and the statute which dispenses with either formality must be pronounced unconstitutional.

This objection is easily disposed of. It has been decided by the supreme court of Vermont that this 5th article of the amendments to the constitution of the United States applies only to cases in the United States courts. (*State vs. Keys,* 8 *Vermont,* 57.) And certainly in many of the States this provision has not been regarded as imposing any restriction upon the power of the State legislature to modify and even to abolish many of the formalities that were deemed essential, at common law, in criminal proceedings. (See 2*d vol. Archbold's Crim. Practice, pages* 206-7, *and the notes.*)

We have found no authority in conflict with the decision in Vermont, or in which the validity of the State legislation just referred to has even been called in question. Upon principle as well as upon authority, therefore, the right of the State to declare what shall, and what shall not, be sufficient to constitute a valid indictment for a public offense, would seem to be beyond serious question.

But if this were otherwise, and if it were conceded that the indictment was defective in the two particulars stated, the judgment could not be reversed on that ground. For, as has been already shown, this court has no power, in revising the ruling of the circuit court upon a motion in arrest of judgment, to pronounce the indictment insufficient, or to disturb the judgment thereon, for "any defect which does not tend to the prejudice of the substantial rights of the defendant, on the merits."

In any aspect of the case, therefore, the conclusion is inevitable that the judgment of conviction cannot be reversed upon the first of the two grounds relied on.

2. Next as to the supposed error in the instructions. Here, however, we are met with a formidable preliminary difficulty.

The statute provides that "a judgment shall not be reversed for an error in instructing or refusing to instruct the jury, unless the bill of exceptions contain *all* the instructions given by the court to the jury, and unless it shall thereupon appear that the law applicable to the case was not correctly and fairly given to the jury." (*Crim. Code, sec.* 335.)

The construction and effect to be given to this provision was very thoroughly considered in the recent case of *Clem vs. Commonwealth*, decided at the present term. No question had been made on this section in any previous case.

The statement contained in the bill of exceptions in that case, with reference to the instructions, was in substance, that "the attorney for the Commonwealth asked the court to give the *following instructions*"—going on to enumerate them. "The defendant then asked the court to give the *following instructions*"—going on in like manner to set them out.

The language of the bill of exceptions in the present case is in substance, meaning, and effect, the same. The only difference is that here, instead of the words, "to give the *following instructions*," the expressions are "*to instruct the jury as follows.*" The forms of expression are different, but the idea they convey is the same. And there is nothing else in the record to show that the instructions set out in the bill of exceptions included all that were given.

We may here repeat what was said in the case referred to, that it is not necessary for the record to state, in terms, that all the instructions given were contained in the bill of exceptions. "Any equivalent expression, or any language or statement that would convey, with reasonable certainty, the same idea, would doubtless be held sufficient to answer the requirements of this provision of the Code. The object and spirit of the rule is, that this court shall not disturb a judgment of conviction, for errors in instructing, or refusing to instruct the jury, unless the record furnishes the assurance that it presents every instruction which was given."

If the rule was properly applied to the facts of that case, there is no escape from the necessity which requires its application to the present case. And after a patient re-examination of the question we still approve, and must therefore adhere to, the principles settled in that decision.

The rule prescribed by this statute forms a constituent part of the system of restrictions which the legislature has wisely imposed upon the power and jurisdiction of this court in cases

of felony. A compliance with the rule is so easy that the hardship resulting from a failure to do so furnishes no sufficient reason for disregarding it.

It may not be improper to remark, that even if the record so presented the instructions as to authorize us to pass upon them, it is by no means clear that the court committed any substantial error in giving or refusing the instructions which have been commented on in the argument.

The judgment is affirmed.