JUDGE HARDIN
delivered the opinion oe the court.
This appeal is prosecuted for the reversal of a judgment and sentence of death, rendered upon a verdict of “guilty” against the appellant, on the trial of an indictment charging him with the murder of his wife in the following language: “ The said "William White heretofore&emdash;to wit, on the &emdash; day of April, 1871&emdash;in the commonwealth and county aforesaid, did unlawfully, willfully, maliciously, feloniously, and of his malice aforethought kill and murder his wife, one Nancy White, against the peace and dignity of the commonwealth of Kentucky.”
The circuit court having overruled a motion made in arrest *180 of judgment, as well as a motion for a new trial, the first question to be determined, and the only one which it will be necessary to consider, is whether the foregoing statements of the indictment are sufficient to constitute a public offense within the jurisdiction of the court.
Under the present system of practice, as regulated by the Criminal Code, it is essential that an indictment contain a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and it must be direct and certain as regards the party and the offense charged, where they are necessary to constitute a complete offense; but “ no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits.” (Criminal Code, secs. 121 to 129; Jane v. Commonwealth, 3 Met. 18.)
The indictment in this case contains the charge of murder, with some of the technical words commonly used in describing that offense, but it wholly fails to allege the particular facts which are necessary to show the manner in which the crime may have been committed or the means of its perpetration. Was. this omission prejudicial to the substantial rights of the appellant?
Testing this inquiry by the requirements of the common law, which is not materially different from the provisions of our Criminal Code respecting the substantial requisites of an indictment, we are clearly of the opinion that the motion to arrest the judgment should have been sustained. There is perhaps no principle in criminal pleading better established and supported by the common-law authorities than that it is not only necessary that the nature and degree of the offense should be specified on the face of the indictment, but that the particular facts and circumstances which render the defendant *181 guilty must also be alleged, it being a general rule that all indictments ought to charge a man with a particular offense by properly specifying the facts constituting it, to enable him to prepare for his defense, and for other important reasons. (1 Bishop on Criminal Procedure, section 271 • 1 Archbold’s Criminal Practice and Pleading, p. 282.)
As the appellant may be proceeded against upon a sufficient indictment, we refrain from commenting on the facts or entering into any discussion of the other questions presented affecting the merits of the ease.
Wherefore the judgment is reversed, and the cause remanded with directions to sustain the motion in arrest of judgment, and for such further action by the court as the ends of justice may require.
Judge Lindsay concurs in the reversal of the judgment of conviction, but does not concur in the reasoning of the court.