MATTHEW WADE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—442.]

**Recovery of Penalty—Sufficiency of Summons.**

The same strictness of pleading is not required in a justice court as in the circuit court, and a summons or warrant is sufficient in such court if it commands the officer to summons the accused to appear in court on a named day, to answer the charge of having committed the offense, briefly describing the character of the offense, the object being to get the party accused before the court when he has violated the law.

APPEAL FROM MONROE CIRCUIT COURT.

December 1, 1881.

OPINION BY JUDGE PRYOR:

The appellant was tried before a justice of the peace and fined one hundred dollars for peddling without a license. The warrant or summons charges the appellant with the offense of peddling in Monroe county, Kentucky, alleging that "in August, 1879, he unlawfully peddled goods by then and there selling goods, wares and merchandise consisting of shoes, prints, sugar, coffee, and notions of all kinds, without a license so to do, contrary to the form of the statute."

The fine was imposed by a justice, and an appeal taken to the circuit court as authorized by the statute. There was a demurrer to the warrant, both in the justice's and circuit court, and the demurrer overruled. The facts clearly established the guilt of the accused, and the only question presented here or necessary to consider is, Is the warrant sufficient?

The same strictness of pleading is not required in a court of justice of the peace as in the circuit court. No written information or pleadings is required in prosecutions in justices' courts. The warrant of arrest or summons is issued on ·information given the justice, and the summons, if in a penal prosecution, merely commands the officer to summons the accused to appear in court on a named day to answer the charge of having committed the offense, briefly describing the character of the offense. The offense in this case is "peddling without license," and is sufficiently described in the warrant. The object is to get the party accused before the justice when he has violated the law, and when the justice has the jurisdiction no pleading is necessary. In this case the jurisdiction is expressly conferred by the statute, and the justice before whom the party is brought may proceed at once to the investigation of the charge, giving, of course, the parties before him such time as may be necessary to prepare for trial. See Crim. Code, §§ 310, 311, 330; Gen. Stat. (1879), Ch. 84.

Judgment *affirmed.* Judge Lewis not sitting.

*Grinstead & Basham, for appellant.*

*W. A. Bullock, P. W. Hardin, for appellee.*

[Cited, *Geo. H. Goodman Co. v Commonwealth,* 30 Ky. L. 519, 99 S. W. 252; *Bitzer v. Commonwealth,* 141 Ky. 58, 132 S. W. 179.]