## JOHN STATON v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—471.]

**Criminal Law—Indictment.**

To be good, an indictment against a jailer for wilfully and negligently suffering a prisoner charged with murder to escape and go at large, must allege the nature of the commitment and the manner in which the prisoner was confined. The averment that such prisoner was lawfully committed to the jail is not an allegation of fact but the conclusion of the pleader, and is not sufficient.

**Power of the Court.**

The circuit court has inherent power to require the jailer of the county, who is a county officer and also an officer of the court, to produce a prisoner for trial and to keep him imprisoned and not allow him to go at large in violation of the law, and where the jailer refuses to comply with such requirement the court may legally direct the sheriff to take control of said jail and keep the prisoners in custody. The circuit court in such a case has no authority to declare the office of jailer vacant.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

December 8, 1881.

OPINION BY JUDGE PRYOR:

The demurrer to the indictment should have been sustained. The averment that Minton was lawfully committed to the jail of Breckinridge county is not an averment of fact, but the conclusion of the pleader from the facts before him. Those facts should have been alleged in the indictment to enable the court to know whether Min-

ton was in the legal custody of the jailor. This proceeding is to enforce a highly penal statute, the prosecution alleging that the appellant, as jailer, and having one Minton in custody, on a charge of murder, wilfully and negligently suffered him to go at large upon the streets of Hardinsburg, unguarded, and without any order or permission of the court, etc.

In order to impose the penalty the burden was on the commonwealth to show the nature of the commitment, and the manner in which the prisoner was confined to the custody of the jailer, and that the trial and commitment was by a tribunal authorized to place the accused in confinement. If so, it was necessary to allege these facts in the indictment. The facts must be stated and proven, showing that Minton was lawfully committed to jail, and that the appellant, having him in custody, permitted him to go at large. In the case of *Tully v. Commonwealth,* 11 Bush (Ky.) 154, Tully was indicted for being an accessory after the fact to the murder of Jerry Burns by aiding Benjamin Osborne, whom he knew to be guilty of the murder of Jerry Burns, to escape. The facts showing that the killing of Burns by Osborne was murder were not alleged, and this court held that it was necessary to show that Osborne was guilty of murder by alleging facts constituting the offense, before Tully could be adjudged guilty. So in this case it is necessary to allege facts showing that Minton was lawfully committed before the appellant can be adjudged guilty of permitting him to go at large, etc. Whether Minton was lawfully committed is purely a question of law, and must be determined by the court.

The grand jury has determined that Minton was lawfully committed, but the facts that are essential to show a lawful commitment and upon which that tribunal arrived at such a conclusion are omitted. *Commonwealth v. White,* 18 B. Mon. (Ky.) 92; *White v. Commonwealth,* 9 Bush (Ky.) 178; *Commonwealth v. Stout,* 7 B. Mon. (Ky.) 247; *Davis v. Commonwealth,* 13 Bush (Ky.) 318.

Constitution (1879), Art. 4, § 36, provides that where a jailer shall be indicted and convicted of malfeasance of office, his office shall become vacant. The indictment being defective, the order declaring the office vacant upon the conviction had is erroneous. If the conviction had been under a proper indictment, whether the court had or had not the power to enter an order declaring the office vacant would be immaterial, if the provision of the constitution re-

ferred to made it vacant, a question that is not now decided, as it does not properly arise, the indictment being defective.

Since the order declaring the office vacant must be reversed, as well as the judgment upon which it is based, it is proper to inquire to what extent the order placing the sheriff in charge of the jail and the prisoner is to be modified by it. The evidence shows without any contradiction that Minton was held upon a charge of murder and lodged in the county jail; that the jailer permitted him to go at large without restraint or control as to his actions on many occasions, and after he had been indicted for this wrong declared that he intended to permit the person to go at large notwithstanding the indictment. The commonwealth's attorney presented an affidavit or affidavits as to the conduct of the jailer in this regard, and moved the court to take some step to prevent such an open and flagrant violation of duty. No step, however, was taken until the appellant was found guilty of the misdemeanor in this case.

The jailer, although a county officer, was at the same time an officer of the circuit court. That court had the power to require the production of the prisoner for trial, and to see that he was kept in custody for all the purposes of a trial. Minton had been indicted for murder, and this officer of the court was permitting him, under the eye of the court, to go at large, and not only so, but declaring that no proceeding against him (the jailer) would deter him from permitting this prisoner to go at large. The inherent power of the court arising from the custody of the accused for the purpose of the trial, and the control of the jailer authorized the court to place the jail and the prisoner in the keeping and custody of the sheriff, vesting the sheriff with the exclusive control and custody of the jail and the prisoners in it until the further orders of the court. The order placing the jail and prisoner under the control of the sheriff was proper, but that portion of it declaring the office vacant was erroneous. The order placing the jail and prisoner in the custody of the sheriff must remain subject to be modified or set aside when the court may deem it safe to intrust him with the custody of prisoners. With the judgment vacating the office reversed, it leaves the order taking the jail from the control of the jailer merely interlocutory and could have been made before any trial was had. This court, taking jurisdiction of the appeal by reason of the order declaring the office vacant, must necessarily reverse the judgment for the fine upon which the order of removal was made. The judgment

imposing the fine is reversed, as well as the order declaring the office vacant, leaving the order placing the jail under the control of the sheriff to remain, this court regarding that portion of it as fully authorized and merely interlocutory. We have alluded to the facts in the case because they stand uncontradicted.

Judgment *reversed* and cause remanded.

*John Allen Murray, Kinchelve & Eskridge, William Lindsay, for appellant.*

*P. W. Hardin, for appellee.*