### Bitzer v. Commonwealth.

(Decided December 6, 1910.)

### Appeal from Jefferson Circuit Court (Criminal Division.)

Courts—Justices' Courts—Jurisdiction—Warrant for Misdemeanor— Selling Liquor—Failure to State Name of Purchaser.—Section 330, Criminal Code, provides: "No written information nor pleading shall be required in prosecutions in Justices' courts." Police courts have the same jurisdiction as Justices' courts, under section 143 of the Constitution and section 2912, Ky. Statutes. Where a defendant was tried under a warrant from a police court for selling liquor without a license and a fine of $30 was imposed, and upon appeal to the Circuit Court the fine

was fixed at $100.00. Held, upon appeal to this court, that the defendant cannot be excused on the ground that the warrant from the police court failed to state the name of the person to whom the liquor was sold.

DELOS B. ROGERS for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant was arrested in December, 1909, under the following warrant:

"The Commonwealth of Kentucky:
"To the bailiff of the Police Court of Louisville, or any Policeman of Louisville, or the Sheriff or any Constable of Jefferson County—Greeting:
"Whereas, I have this day received information on oath from officer Brightman, 2nd Police District, that on the 19th day of December, 1909, in the city of Louisville, Peter Bitzer was guilty of selling liquor without a license contrary to the Statutes in such case made and provided, against the peace and dignity of the Commonwealth.
"You are therefore hereby commanded forthwith to arrest the said Peter Bitzer and bring him before the judge of the Police Court of Louisville, at the court room thereof, in the City Hall to answer said charge and to be dealt with according to law, and have then and there this writ. Witness, Harry C. Nehan, Clerk of said Court, this 20th day of December, 1909."

Bitzer was tried upon this warrant in the police court and fined $30.00, and he appealed to the circuit court. The case was tried in the circuit court in April, 1910, and he was adjudged to pay a fine of $100.00, and from that judgment he appealed to this court. He presents two grounds for a reversal: First, the warrant of arrest did not specify the person to whom he was alleged to have sold the liquor, so as to enable him to prepare his defense, and that it might be a bar to another prosecution on the same charge. Second, there was not sufficient testimony to authorize his conviction. We will dispose of the last question first. Brightman, a policeman, was the only witness for the

Commonwealth.    He testified positively that he entered appellant's place of business on the day named in the warrant and called for a drink of liquor; that he received a bottle said to contain whiskey; that the contents looked like whiskey; that he drank it and it tasted like whiskey, and that he paid for it and left. Appellant, the only witness in his behalf, testified that he did not sell Brightman whiskey upon the occasion mentioned, and that if he received a drink it was a soft drink. It also appeared from Brightman's testimony that when he went to appellant's place of business he did not have on a policeman's uniform, but was dressed as a civilian. The inference from the testimony is that he was acting as a detective, and for that reason appellant's counsel claim that the court was not authorized under the evidence to find him guilty beyond a reasonable doubt. This was a question for the determination of the court or jury trying the case.

We are of the opinion that the first ground would have been well taken if appellant had been prosecuted under an indictment in the circuit court. In the case of Wilson v. Commonwealth, 14 Bush, 159, Wilson was charged with selling spirituous liquors, viz: Whiskey, brandy and gin in his store in Paducah without having obtained a license to so sell such liquors, and in that case the court said:

"The general charge that a merchant has sold whiskey, etc., without a license so to do, without stating to whom the sale was made, is too general, as it does not inform the defendant with reasonable certainty of the offense charged, and the record of conviction would not be a safe reliance against another indictment for the same offense."

In the case at bar, however, appellant was not prosecuted under an indictment; his prosecution started in the police court under the warrant copied above, and written pleadings were not required in that court. Section 330, Criminal Code, provides:

"No written information, nor pleadings, shall be required in prosecutions in justices' courts."

Police courts have the same jurisdiction as justices' courts. See section 143 of the Constitution and section 2912 of the Kentucky Statutes.

In the case of Wade v. Commonwealth, 3 Ky. Law Rep., 442, which was a prosecution under a warrant from a justice's court, Wade made the same objection

to·the warrant as appellant in the case at bar. In that case the court said no written information or pleadings were required, and continued as follows:

"The object is to get the party accused before the justice when he has violated the law, and when the justice has the jurisdiction no pleading is necessary. In this case the jurisdiction is expressly conferred by the statute, and the justice before whom a party is brought may proceed at once to the investigation of the charge, giving of course the party before him such time as may be necessary to prepare for trial."

There is nothing in the record showing that appellant demurred to the warrant before it reached the circuit court, or that he moved the court to require the Commonwealth to make the warrant more definite and specific. If he had done so, the court should have required the prosecution to amend the warrant by stating that the illegal sale was made to Brightman, and this would have, doubtless, been done in the circuit court but for the fact that the court knew that appellant was then fully apprised of the fact that Brightman was the person to whom the Commonwealth claimed he made the illegal sale. Appellant received full information of this fact upon the trial in the police court and entered that trial without objections. In the case of Louisville v. Whemhoff, &c., 116 Ky., 812, this court considered a warrant which was issued by the city judge of Louisville, and said:

" 'The same technical strictness is not required in a proceeding by warrant as by indictment, and ordinarily a warrant in the form prescribed by the Code sufficiently describes the offense; but, if made to appear to the satisfaction of the court that a defendant cannot intelligently make defense, it should be made more specific.' In Commonwealth v. Robert Van Meter (M. S. opinion by Judge Cofer, decided in 1876), this court held that a warrant issued in a misdemeanor case, not requiring an indictment, could be amended, when it was not sufficiently specific, and that the amendment could be made in the circuit court after the appeal there, inasmuch as it would not have changed the prosecution."

That case was reversed because appellants could not get information from the warrant under which section of the ordinance they were prosecuted. But in the case at bar that defect does not exist because appellant

must have known that he was being prosecuted under the statute for selling whiskey without license.

For these reasons, the judgment of the lower court is affirmed.