## Potter v. Commonwealth.

(Decided May 4, 1923.)

### Appeal from Letcher Circuit Court.

Escape—Indictment for Escape from Arrest Must Allege it was Accomplished Forcibly or by Bribery.—Under Ky Stats., section 1338, the offense of escaping from a place of lawful confinement is committed by merely escaping, but escape from the custody of an officer is made an offense only if accomplished forcibly or by bribery, so that an indictment charging that defendant had escaped from an officer who had arrested and lawfully had him in custody, without alleging that the escape was accomplished either forcibly or by bribery, was insufficient.

R. MONROE FIELDS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant was convicted of the offense of escaping from the custody of an officer who had arrested him for operating a moonshine still. The offense is defined by section 1338, Kentucky Statutes, which is as follows:

"If a prisoner confined on a sentence of imprisonment, or to be whipped, or under a capias, escapes jail, or if a person lawfully arrested upon a charge for a violation of the criminal or penal laws forcibly or by bribery effects his escape from the officer or guard, he shall be confined in jail not less than six nor more than twelve months."

It will be noticed, as was pointed out in Maggard v. Commonwealth, 173 Ky. 97, 190 S. W. 666, that the offense of escaping from a place of lawful confinement is committed by merely escaping, but that the escape from the custody of an officer is made an offense only if accomplished forcibly or by bribery.

The indictment in this case simply accuses the defendant and another "of the offense of escaping from the custody of an officer who lawfully had them in custody, committed in manner and form as follows, viz.: The said Sam Potter and Irvin Potter on the 11th day of April, 1922, in the county aforesaid, did unlawfully and before the finding of this indictment, they then and there being prisoners and under arrest on a charge of having operated a moonshine still in Letcher county, did unlawfully escape custody from James Combs, who was at the time the regular elected, qualified and acting sheriff of Letcher county, who had authority to make such arrest and lawfully had the said Sam Potter and Irvin Potter under arrest and in his custody, on said charge. Against the peace and dignity of the Commonwealth of Kentucky."

As it is not charged that the escape was effected either forcibly or by bribery, it is obvious that the indictment did not charge, either by expressed words or by necessary implication, the facts necessary under the statute to constitute a violation thereof.

Hence the court erred in overruling a demurrer to the indictment, and as for this reason the judgment must be reversed, it will not be necessary to consider the other matters of which complaint is made.

Wherefore the judgment is reversed and the cause remanded for proceedings consistent herewith.