## Howard v. Commonwealth.

(Decided October 2, 1931.)

JOHN W. McKENZIE and WAUGH & HOWERTON for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Tom Howard, to whom we shall hereafter refer as defendant, was indicted by the grand jury of Boyd county charged with the offense denounced in section 3914b-1 of the Kentucky Statutes, by operating a pool room and handbook, whereby bets were made on horse races, etc. At his trial under his plea of not guilty he was convicted and punished by fine and imprisonment within the limitations of the statute creating the offense. His motion for a new trial was overruled, and he has filed a copy of the transcript in this court with a motion for an appeal. The relied on grounds for a reversal (except one hereinafter to be considered) have all this day been disposed of contrary to the contentions and arguments of his counsel, in the case of Tom and John Howard v. Commonwealth, 240 Ky. ——, 41 S. W. (2d) ——. It will, therefore, be unnecessary to consider or discuss any of those duplicated herein, since the opinion in that case is conclusive thereon.

The additional question in this case, above mentioned, is undoubtedly both erroneous and prejudicial. Defendant did not testify in the case and the principal witness against him was one William Mays. That wit-

ness was a most reluctant one and hestitated about identifying the defendant as one of the operators of the pool room with conducting which he was charged in the indictment, although the witness was finally made to say enough to authorize a submission of that issue to the jury. The commonwealth's attorney in his closing argument to the jury used this language: "If the witness, William Mays, was not telling the truth, and had not identified the defendant, that he (pointing to the defendant Tom Howard) would only have been too glad to get up there and tell this jury that Mays was not telling the truth."

Section 1645 of the 1930 Edition of Carroll's Kentucky Statutes, which also follows section 223 of the 1927 Edition of Carroll's Kentucky Criminal Code, prescribes that a defendant in a criminal prosecution upon his request shall be allowed to testify in his own behalf "but his failure to do so shall not be commented upon, or be allowed to create any presumption against him." Many cases are cited to section 223 of the Criminal Code, as well as to the section of the statute referred to, in which it was insisted that the commonwealth's attorney violated that injunction when defendant had failed to testify at his trial, some of the latest of which are: Miller v. Commonwealth, 182 Ky. 438, 206 S. W. 630; Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8, and Dykes v. Commonwealth, 208 Ky. 734, 271 S. W. 1042. Others are referred to in those opinions, and in some of them the reference by the commonwealth's attorney to the fact that defendant had not testified was in language almost identical with that employed by the commonwealth's attorney in this case, an illustration of which may be found in the opinion in the Dykes case wherein the attorney said: "The defendant has been sitting there during the trial of the case and has made no explanation why he had beat up Willie Stacy," the prosecuting witness. We held that in employing that language the prosecuting attorney clearly disregarded the injunction of the statute, and "whether willfully or through inadvertance or ignorance, a verdict of guilty based thereon should be set aside and a new trial granted."

There can be no distinction made between the facts in those cases and those in this one. The comment of counsel in this case is an unmistakable reference to the failure of plaintiff to testify in his own behalf, and the

court erred in not sustaining the motion for a new trial as based on this ground.

Wherefore, the motion for the appeal is granted, and the judgment is reversed, with directions to set it aside, and for proceedings consistent herewith.