## Crosby v. Commonwealth.

(Decided January 19, 1932.)

J. E. WISE for appellant.

BAILEY P. WOOTTON, Attorney General, and HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

Appellant, Arthur Crosby, was, in the spring of 1930, confined in default of bail in the Hardin county jail awaiting trial under an indictment then pending in the Hardin circuit court for house breaking. There were a number of other prisoners confined in the same part of the jail as he was. On the 12th day of May, these prisoners, including the appellant, escaped from the jail by means of a hole which had been dug through the walls and a ladder of blankets reaching from this hole on the level of the second floor to the ground. Appellant was later apprehended and indicted under section 1338 of the Kentucky Statutes, which reads as follows:

"If a prisoner confined on a sentence of imprisonment, or to be whipped, or under a capias, escapes jail, or if a person lawfully arrested upon a charge for a violation of the criminal or penal laws forcibly or by bribery effects his escape from the officer or guard, he shall be confined in jail not less than six nor more than twelve months."

On his trial under this last indictment, appellant was found guilty and sentenced to serve six months in jail, and from that judgment this appeal is prayed.

It is conceded that the appellant cannot be convicted under that part of the statute covering the case of an escape of a prisoner confined on a sentence of imprisonment, inasmuch as appellant was not confined on a sentence of imprisonment, but was detained in default of bail awaiting trial. There is no contention, of course, that he was confined under a sentence to be whipped or under a capias. It is further conceded that he cannot be convicted under that part of the statute covering an

escape effected by bribery. But it is contended that he may be convicted because of forcibly effecting his escape from an officer or guard, he having been lawfully arrested upon a charge for violation of the criminal or penal laws. It is admitted that at the time appellant with the other prisoners escaped there was no jailer or other officer in the room or place whence the appellant escaped. The jailer, himself was in town away from the jail at the time of the escape. The deputy jailer was downstairs in the office of the jail. But it is argued that, by the digging of the hole through the wall by which the prisoners escaped, they, within the meaning of the statute, forcibly effected their escape from the jailer who had them in charge. Conceding arguendo that the position of the commonwealth is sound were it established that the appellant had anything in the world to do with the digging of the hole in the wall, we are yet confronted with the proof in this case to the effect that the appellant was never seen around this hole while it was in the course of being dug and was never seen to have done any digging. Indeed, so far as the commonwealth's testimony is concerned, there is no proof he had a thing to do with the digging of the hole. The proof for the appellant is that he took no part in its digging, actually or constructively. Hence we simply have the case of the appellant taking advantage of a hole dug through the wall by others and passing through it to his liberty, which in effect is no different from the appellant walking through a door left open to freedom. This cannot be said to be a forcible escape from the officer having him in charge, and hence appellant is not shown to have been guilty of the violation of any part of the statute, under which he was indicted, tried, and convicted. The court should have sustained his motion for a peremptory instruction.

The appeal is therefore granted, and the judgment is reversed, with directions to grant the appellant a new trial in conformity with this opinion.