## Hines v. Commonwealth.

December 17, 1948.

860

Silas Jacobs for appellant.

Philip Hargett, A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Otis Hines, upon an appeal from the Maysville Police Court was convicted in the Mason Circuit Court on a warrant charging him with breach of the peace. The penalty was fixed at the maximum of 50 days in jail and $100 fine. KRS 437.010. His motion for an appeal is sustained.

The warrant merely charges the defendant with the commission of the offense of a breach of the peace without stating any particular fact or circumstance. The evidence authorized and the instructions submitted a case of indecent exposure of his person. The appellant contends that, as the warrant contains no statement by which the particular act could be identified sufficiently to be a bar to another prosecution on the same state of facts, it is insufficient and that there was a fatal variance between the charge and the proof.

In a warrant a statement in general terms of the name or description of the offense is sufficient. Criminal Code of Practice, secs. 10, 27. Therefore, the same strictness is not required in prosecution on a warrant as is required on an indictment. Burdette v. Board of Council of City of Danville, Ky., 125 S. W. 275; Delk v. Commonwealth, 166 Ky. 39, 178 S. W. 1129, L. R. A. 1916B, 1117, Ann. Cas. 1917C, 884. However, it is better, where the charge is of such a general character as breach of the peace, embracing as it does many and varied public offenses, that it should contain in concise language a statement of the facts. It does not appear that the defendant demurred to the warrant or asked for a bill

of particulars or that it be made more specific; hence the warrant must be deemed sufficient. Bitzer v. Commonwealth, 141 Ky. 58, 132 S. W. 179.

As to there having been a fatal variance, it is conceded that the indecent exposure of the person is recognized as a distinct common law offense (Commonwealth v. Hamilton, 237 Ky. 682, 36 S. W. 2d 342), as is also a breach of the peace. But an indecent exposure constitutes a breach of the peace, even as it may be a public nuisance. The charge of a breach of the peace is broad enough to embrace any act of open obscenity or of gross lewdness. It need not be an act of turbulence or open disorder. If it offends public decency or decorum or tends to disturb the peace and tranquility and the sense of decency of good citizens, it is enough. Roberson's Kentucky Criminal Law, sec. 1167. This whole subject is extensively treated in Delk v. Commonwealth, supra, in which it was held that an indecent statement made in a church pulpit was a breach of the peace.

We are of the opinion, however, that the judgment should be reversed for the failure to submit an instruction on appellant's affirmative defense. The facts are that the defendant, a Negro, was seen by the public on the steps of an open stairway leading from a street in Maysville with his person flagrantly exposed. He continued his indecency for several minutes until the police, who were called by a merchant, arrived. He then ran up the stairway to an unoccupied room. The defendant testified that he was 69 years old and a long-time citizen and property owner in Maysville; that he had long been afflicted with hemorrhoids; that they had suddenly "come down," causing acute pain and suffering; and that his condition demanded immediate attention. For this purpose he had for many years carried with him a homemade remedy that had come down in his family for generations. It was concocted of burned shoe soles, peach tree leaves, mutton tallow, and other ingredients. In the emergency he had gone up the stairway six or seven steps and out of sight of the public, as he thought, and applied his homemade remedy.

The instructions submit the question of the defendant's guilt upon the predicate that he "did unlawfully and knowingly and indecently expose his person in pub-

lic and in the presence of persons, both male and female.'' This was accompanied by the usual reasonable doubt instruction.

It seems to us that the defendant was entitled to a special instruction submitting his defense for he admitted doing the substantial acts described by the Commonwealth's witnesses (though denying some of the details) and sought to justify his action. Stanley on Instructions to Juries, sec. 771.

Ordinarily the very fact of a public indecent exposure of the person carries with it the inference of the essential criminal element of intent. Seldom can negligence or good motive excuse such conduct. Ordinarily that will not serve as a cloak to relieve the offender. Good intentions did not excuse the preacher in the Delk case, supra, for using indecent language although his motive may have been, as he claimed, to rebuke the sin of impurity and not with any intention to disturb or embarrass anyone. See also Annotations L. R. A. 1916B, 1121. It has been held in other states that an accidental exposure or an exposure without any implication or evidence of a lewd or lascivious purpose does not come within the contemplation of statutes defining the offense. Annotations, 93 A. L. R. 996. In the prosecution of some offenses as a public nuisance the motive or intent with which the act was done may be a material ingredient in the offense and become a question of fact for the consideration of the jury under all the circumstances of the case. Wharton's Criminal Law, sec. 1750. To illustrate, a person may be struck by an automobile and in getting at his injury he may tear off some of his clothing so as to cause an exposure of his person. We do not suppose it would be contended that his intent or motive had nothing to do with the act. In cases like the present regard must be had for the infirmity of the flesh and frailty of human nature. This man was confronted with an emergency, according to his testimony, and he believed that he had removed himself from public view. At least that was his only defense. It is like self defense where one is attacked by another person. Upon another trial the court should instruct the jury substantially in the following form: ''Although the jury may believe as set out in Instruction No. 1, yet, if they should further believe from the evidence that defendant was at the time suf-

fering from a painful malady, intermittent in its effect, and that it suddenly attacked him and thereby produced great and excruciating pain, and that he retired to the place mentioned in the evidence to apply a remedy in order to relieve the pain, and that in doing so he exposed his person no more than was reasonably necessary for that purpose, and did so without wantonness or an intent or motive to expose his person and in the belief that he could not be observed by persons using the street, then, and in that event, he would be excusable as having acted in an emergency, and the jury should find him not guilty.''

The judgment is reversed.