# Hicks v. Commonwealth.

November 22, 1949.

Hiram H. Owens and Victor A. Jordan for appellant.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellant was convicted in the quarterly court on a warrant charging her with having in her possession 19 half pints of whiskey "for the purpose of sale, give, procure or furnish another in the County of Knox," in local option territory, punishment being fixed at a fine of $100 and 30 days imprisonment. On appeal to the circuit court she was found guilty with the same penalty.

She moves for appeal and reversal of the judgment on the following grounds: (1) The court erred in overruling demurrer to the warrant. (2) Evidence of guilt was incompetent because the warrant stated no offense. (3) The court overruled objection to alleged improper remarks made by the Commonwealth's Attorney in his argument.

The objection to the warrant was that it contained the words "give, procure or furnish another." KRS 242.230. The objection is without merit. These words

are to be treated as surplusage. The warrant clearly stated a public offense under the statute, and follows the form and substance set out in Sec. 27 Criminal Code of Practice. A warrant does not have to meet the same standards required of indictments. Kendall v. Com., 202 Ky. 169, 259 S. W. 71; Bitzer v. Com., 141 Ky. 58, 132 S. W. 179; Bray v. Com., 302 Ky. 846, 196 S. W. 2d 725.

The argument that all testimony was incompetent because there was no valid warrant needs no further discussion. It is argued, however, that the testimony of several witnesses who testified that appellant had the reputation of having been engaged in the illicit sale of intoxicating beverages is incompetent; such testimony, within certain limitations in cases of this sort is competent. KRS 242.390. This testimony in some instances took a wide range, but on the whole the questions and answers were properly controlled by the court.

Appellant did not testify or offer any proof, and under the proof the court was correct in overruling appellant's motion for a directed verdict.

Appellant insists that the Commonwealth's Attorney made improper and prejudicial remarks in his closing argument over his objection, with no adverse ruling or admonition by the court. The officer in argument said: "Was she going to furnish this whiskey to the Lions Club or Chamber of Commerce? She never got on the stand and said it."

How the reference to the Lions Club or Chamber of Commerce crept into the case, or was necessary to be mentioned (taking up several pages of testimony), we are at a loss to understand.

Section 455.090, KRS which extends to an accused the right to testify, provides further that "his failure to do so shall not be commented upon or create any presumption against him." Here the comment was that appellant had not taken the stand and explained that the whiskey was to be furnished to the institutions mentioned.

The Commonwealth agrees that the comment or statement "borders upon the inhibition found in the statute," but contends that there is no prejudicial error,

but in view of the statute we must hold that the remarks should have been excluded from the jury with proper admonition, and this error alone requires us to reverse the judgment, and for a retrial. The following cases justify us in this conclusion: Boggs v. Com., Ky., 128 S. W. 73; Howard v. Com., 240 Ky. 316, 42 S. W. 2d 340.

Judgment reversed.