### BROCK v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 19, 1951.

Lewis & Weaver, London, for appellant.

A. E. Funk, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Walton Brock, was indicted in the Laurel Circuit Court and charged with the offense of unlawfully, willfully, forcibly, and by bribery, effecting his escape from the sheriff of Laurel County at a time when he was under arrest on a charge of rape. The offense is defined by subsection (1) of KRS 432.370 as follows: "Any prisoner confined on a sentence of imprisonment or under a capias who escapes jail, or any person lawfully arrested for a violation of the criminal or penal laws who forcibly or by bribery effects his escape from the officer or guard, shall be imprisoned for not less than six nor more than twelve months."

Upon trial of the case, a jury found the defendant guilty and fixed his punishment at eight months in jail. Judgment was entered upon the verdict. The appellant complains that the trial court erred in overruling his motion for a directed verdict.

The sheriff relates the incident upon which the indictment was founded in the following language: "We had him arrested, and he asked me to go to the house with him so he could change clothes. He was working on a car and was greasy. He asked me to sit down and he took his coveralls off, and went in the kitchen to wash, and told his wife to fix his supper. I heard the dishes rattling around and them talking. When they hushed talking, in a minute or two I went in and said Where is Walton, and she said he stepped outside. I asked what for, and she said to take a bath, he took a pan of water. I said he has run off, and she said he will be back. I stepped outside and called him and he was gone."

We are committed to the rule that an escape from the custody of an officer is a punishable offense under KRS 432.370(1) only if accomplished as a result of force in some degree or by bribery. The reasons, which support this rule, are carefully

set forth in the case of Maggard v. Commonwealth, 173 Ky. 97, 190 S.W. 666, which is similar in fact to the case at bar. The rule was restated in the case of Potter v. Commonwealth, 199 Ky. 77, 250 S.W. 496. See also Crosby v. Commonwealth, 242 Ky. 62, 45 S.W.2d 822.

Wherefore, the motion for an appeal is sustained, the judgment is reversed and the case is remanded for proceedings consistent with the opinion. If the evidence is substantially the same on another trial, the court will instruct peremptorily for the defendant.