BAKER  v.  CAUDILL et al.

Court of Appeals of Kentucky.

March 12, 1954.

Rehearing Denied April 16, 1954.

S. M. Ward, Hazard, for appellant.

Emmet G. Fields, Whitesburg, Tolbert Combs and H. B. Noble, Hazard, for appellees.

STANLEY, Commissioner.

Tom Baker appeals from an order denying him release from jail on a writ of habeas corpus. He was convicted in the police court of Hazard upon a warrant of arrest which charged that "Tom Baker, a licensee, has committed the offense of serving and permitting beer to be served to minors Victor Holliday and Travis Combs, on or about the 13 day of Nov. 1952, in the town of Hazard, against the peace and dignity of the Commonwealth of Kentucky." Baker was again convicted on February 17, 1953, on his appeal to the Perry Circuit Court and his punishment fixed at six months in jail and a $200 fine. No appeal was taken to this court, although Baker executed a supersedeas bond. Later, he paid the $200 fine, moved to Richmond and was not arrested to serve the jail sentence until January 15, 1954. It is from that imprisonment that Baker seeks release.

The ground upon which habeas corpus was claimed before the circuit judge was, in substance, that Baker had performed his part of an agreement with the prosecuting officers, which was known to the circuit judge, that if he would pay the fine and submit law and facts to the court on another similar charge, he would be relieved of the jail sentence, and upon this assurance he did not perfect an appeal. Such agreement was explicitly denied by all the officials. However, in this court that ground has been reduced to a mournful contention that he was misled and mistreated by the officers reneging on their promise. His argument before us is that the warrant upon which he was tried is void. The point is that charging the accused merely as a "licensee" with "serving beer to minors" is no legal accusation. It is insisted that this embraces any individual possessing a license to conduct any business or to practice any profession although having no relation to alcoholic beverages, such as a merchant or lawyer, whereas the statute declares only that "no retail licensee shall sell, give away or deliver any alcoholic beverage" to a minor, KRS 244.080, and that there is no law against any other kind of licensee doing so. It is further submitted that the statute does not condemn "serving beer."

Where the accused offender is brought before a court having jurisdiction of final disposition of the charge, a warrant is a formal accusation upon which a trial may be had. It performs the same office that an indictment does in a superior court. Our Criminal Code of Practice, Sec. 27, requires only that a warrant shall in general terms name or describe the offense charged to have been committed.

In determining the sufficiency of a warrant, great latitude of construction will be indulged. It is not necessary that the warrant should charge the offense with the fullness, particularity or technical accuracy required of an indictment although the essentials must be stated. Patrick v. Commonwealth, 199 Ky. 83, 250 S.W. 507; Hines v. Commonwealth, 308 Ky. 859, 215 S.W.2d 1014. A warrant is sufficient if it furnishes the accused with such a description of the charge as will enable him to prepare his defense and protect himself from being put in further jeopardy and is sufficient to support a judgment of conviction if the facts alleged shall be proven. Commonwealth v. Melvin, Ky., 256 S.W.2d 513. Of course, if the warrant states no criminal offense, it and the proceedings based upon it are void. In Wade v. Com-

monwealth, 3 Ky.Law Rep. 442, 11 Ky.Op. 356, the court held a warrant to be sufficient which merely charged the accused with having peddled and sold merchandise without a license, contrary to the form of the statute. We have no doubt that the accused in the present case was able to prepare his defense upon the charge of "serving" intoxicating liquor to a minor, "against the peace and dignity of the Commonwealth of Kentucky." He could not have served beer unless he had either sold it, given it away or delivered it. Merely charging that he was a "licensee" instead of a "retail liquor licensee" was only an indefinite description, which could have been and may, in fact, have been made more specific in either trial court. Ricketts v. Commonwealth, 197 Ky. 571, 247 S.W. 731. We cannot say that the absence of further description was such a fatal defect as to render the warrant and the proceedings thereon void. Therefore, the court properly denied habeas corpus.

Judgment affirmed.