**Joe HOPKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 26, 1957.

Sanders & Redwine, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

We sustain the motion of Joe Hopkins for an appeal from a judgment of guilt of the offense of escape from a lawful arrest. KRS 432.370(1).

The trial was upon a warrant on an appeal from a similar judgment in the quarterly court. The accusation may not have been sufficient as an indictment, but under the rule of liberality with which a warrant is regarded, we deem this warrant as having stated a public offense within the provisions of § 27 of the Criminal Code of Practice, especially since no motion was made to amend or make the warrant more specific. Bitzer v. Commonwealth, 141 Ky. 58, 132 S.W. 179; Hines v. Commonwealth, 308 Ky. 859, 215 S.W.2d 1014.

The pertinent part of the statute KRS 432.370(1) is, "[A]ny person lawfully arrested for a violation of the criminal or penal laws who forcibly * * * effects his escape from the officer * * * shall be imprisoned for not less than six nor more than twelve months." It has been many times pointed out that the elements of this particular offense are different from those making up the offense of escaping prison while confined under a sentence of imprisonment. In the one the element of "force" must be established; in the other it need not be. Whitaker v. Commonwealth, 188 Ky. 95, 221 S.W. 215, 10 A. L.R. 145; Crosby v. Commonwealth, 242 Ky. 62, 45 S.W.2d 822; Bentley v. Commonwealth, Ky., 269 S.W.2d 253. The decision of this case rests on the meaning of "forcibly" effecting the escape after having been arrested and before a conviction or commitment to jail.

We state the evidence.

A member of the State Police, Norman W. Addington, stationed at Pikeville, received information that Joe Hopkins and Jack Compton were drunk and raising a disturbance on Chloe Creek. On arrival at the point he found Compton drunk, arrested him, and put him in the patrol car. Joe Hopkins came out of a house and down the road, also intoxicated, and the officer told him he was under arrest for being drunk. § 36(2), Criminal Code of Practice. He opened the car door and told Hopkins to get in, which he did. The officer further testified that then Marie Adkins came up and "she was sort of hysterical, telling me that all he had done the night before." While he was trying to calm Marie, he looked around and saw Joe running away. He started in pursuit, called upon him two or three times to stop, and fired his pistol into the air. Joe ran across the creek and like a rabbit got lost in a briar patch. Jack Compton took advantage of the situation and vamoosed. Thus, the officer was left with a water haul.

The defendant, Hopkins, denied that he was drunk but admitted he had been drink-

ing. He said he was on the porch and saw the police car stop in the road and then "I jumped across the bannister and ran across the creek and out through the bottom there." Marie had told him she had "called the law on me, and I just took a notion to leave." He had not seen the officer, was not arrested, never heard any one call to him to stop, but he did hear a pistol shot after he had crossed the creek. The appellant stoutly denied he had committed any offense or was ever placed under arrest. Marie testified that she was at her sister's home and Joe had returned about half past 7 o'clock in the morning and was "drinking a little bit." She and Jack Compton (who deposed through the means of the defendant's affidavit) corroborated Joe's story. In rebuttal, officer Addington categorically denied the defendant's evidence.

We look first to the fundamental question of whether the appellant was entitled to a directed verdict of acquittal because the Commonwealth did not prove he had forcibly effected his escape. We have held that escape from custody before sentence or conviction is not a violation of the statute if the escape was effected through deceit or stratagem or merely by taking advantage of an opportunity to flee. Thus, a prisoner awaiting trial who took advantage of the situation and slipped out through a hole which other prisoners had made in the jail wall was held not to have committed the offense under the statute— there being a "hole in the law" as well as a hole in the wall. Crosby v. Commonwealth, 242 Ky. 62, 45 S.W.2d 822. Nor was there a violation of this statute where a prisoner was permitted by an arresting officer to go into his house to change his clothes and then fled out the back door. Brock v. Commonwealth, Ky., 242 S.W.2d 1007. Under these cases the appellant would likely be held not guilty of escape when he first left the automobile while the officer's back was turned. But his escape was not then complete. The officer started in active pursuit, called upon him to halt

and fired into the air as a warning. In Maggard v. Commonwealth, 173 Ky. 97, 190 S.W. 666, 667, a prisoner who had been arrested for a misdemeanor slipped away from the officer. The court considered the apparent legislative intent in providing that under such circumstances the escape must have been effected "forcibly" and held the accused could not be convicted of escape. However, in the course of the opinion it was said:

"The statute should be given a liberal construction, and the word being considered should not be given a narrow or contracted meaning so as to confine its application to strictly physical force, but it should be defined so as to include all actions and conduct of the prisoner which are directed against or in opposition to any character of resistance which the officer may lawfully exercise in an effort to prevent the escape. This would include fleeing of the prisoner from the officer over the latter's protest and in defiance of his commands, although no physical force other than that which might be used while fleeing from the officer was exercised by the prisoner."

In Anderson v. Commonwealth, 232 Ky. 159, 22 S.W.2d 599, Judge Thomas, who wrote the Maggard opinion, expressly recognized that the above quotation was obiter dictum, and stated for the court that whether it was a correct or incorrect statement of the law, it should not be regarded as a precedent. We have concluded, however, that the statement is the correct construction of the statute KRS 432.370(1). Therefore, the "dictum" now becomes "sticktum" —using Judge Thomas' word. In the present case it was immaterial that the prisoner did not in the beginning offer manual or physical resistance or violence. According to the Commonwealth's evidence, the appellant escaped against the will of the officer, defied and resisted the "force" exerted by the officer to prevent his complete escape. The evidence was sufficient to

take the case to the jury under proper instructions.

The evidence brought in issue (1) the commission of an offense in the officer's presence, to-wit, being publicly drunk; (2) a lawful arrest; and (3) forcibly effecting an escape. The given instruction is susceptible to the understanding that the court advised the jury as a fact that the accused was publicly intoxicated and assumed that if he had been arrested, it was a legal arrest. The instruction omitted the element of "force" and merely conditioned conviction upon belief that the defendant "escaped or departed from the officer having him in custody."

 The instruction submitting the question of guilt of the offense of escape should hypothesize every material condition which goes to establish it. A condition of escape under circumstances of the present case is that the person must have been *"lawfully arrested."* KRS 432.370(1). An arrest made by an officer which is not in accordance with the provisions of §§ 36 and 39 of the Criminal Code of Practice is illegal. It is no offense to depart from custody for which there was no authority. Commonwealth v. Houseman, 3 Ky.Law Rep. 331; Staton v. Commonwealth, 3 Ky. Law Rep. 471, 11 Ky.Op. 374; Saylor v. Commonwealth, 122 Ky. 776, 93 S.W. 48, 29 Ky.Law Rep. 337; 30 C.J.S. Escape §§ 10, 15, 20 (2) b, 26; 19 Am.Jur., Escaping, Prison Breaking, and Rescue, § 11.

Reference is made to Goins v. Hudson, 246 Ky. 517, 55 S.W.2d 388; and Sizemore v. Hoskins, 314 Ky. 436, 235 S.W.2d 1011, for a proper form of instruction on the right of a peace officer in good faith to arrest one for being publicly drunk in his presence. As a predicate to the defendant's guilt of escape being dependent upon a legal or authorized arrest, the instruction may be patterned after one where the issue of legality of the search of the person was dependent upon a lawful arrest, as for public drunkenness, Nickell v. Commonwealth, Ky., 285 S.W.2d 495, or legality of a search

of an automobile was dependent upon a violation of a traffic law. See Barnes v. Commonwealth, 305 Ky. 481, 204 S.W.2d 801; Gossett v. Commonwealth, 308 Ky. 729, 215 S.W.2d 279; Instructions to Juries, Stanley (2d ed.), § 917a. The instruction on escape should follow the language of the statute and be accompanied by a definition of "forcibly effected" in conformity with the foregoing construction of the statute.

The judgment is reversed.