State v. Clark.

---

No. 26,810.

STATE OF KANSAS, *Appellee*, v. JOE CLARK, *Appellant*.

SYLLABUS BY THE COURT.

1. ESCAPE — *Information — Following Language of Statute*. A charge of jail breaking under R. S. 21-735, which follows substantially the language of the statute, is deemed to be sufficient.

2. SAME—*Information—Averment as to Commencement or Expiration of Imprisonment*. In charging the offense it is not necessary to state the commencement or expiration of the imprisonment which the defendant broke and sought to escape.

3. SAME—*What Constitutes*. Although no part of the building was severed and the defendant escaped through an unlocked door, the offense was made out by showing that when the jailor unlocked and opened the door of a cage wide enough to take out a trash container, he was assaulted, beaten and thrown down by the defendant and other prisoners confined therein, who then escaped from the cage and jail.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 6, 1926. Affirmed.

*A. E. Crane, B. F. Messick, A. H. Crane* and *Dennis Madden,* all of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Paul H. Heinz,* county attorney, *Edward Rooney* and *Ralph W. Oman,* assistant county attorneys, for the appellee.

Escape, 21 C. J. pp. 835 n. 31, 836 n. 34, 839 n. 20, 840 n. 37; 10 R. C. L. 591; 10 A. L. R. 150; 10 R. C. L. 580 *et seq.*

The opinion of the court was delivered by

JOHNSTON, C. J.: Joe Clark was charged with and convicted of jail breaking, and has appealed.

The first complaint is that the information was defective and that there was error in overruling the motion to quash. The material part of the information was that the defendant did "unlawfully, feloniously and willfully break and escape from the Shawnee county jail while being confined in the county jail of Shawnee county, Kansas, on conviction for a criminal offense," etc. It is contended that the information was insufficient in that it did not state the nature of the offense of which he had been convicted and because of which he was confined in the jail, and also in failing to state the term of his imprisonment or when the term would expire. The statute under which he was convicted for breaking jail provides:

"If any person confined in any county jail upon conviction for any criminal offense, or held in custody going to such jail, shall break such prison or custody and escape therefrom, he shall upon conviction be punished by confinement and hard labor not exceeding three years, or in a county jail not less than six months, to commence at the expiration of the original term of imprisonment." (R. S. 21-735.)

The essential elements of the offense were sufficiently stated, that is, that while he was confined in the county jail upon a conviction for a criminal offense he broke the prison and escaped therefrom. As will be observed the charge in the information was substantially in the language of the statute which defines the offense and ordinarily it is sufficient to follow the language of the statute in charging an offense of this character. It is further claimed that it did not conform to the statutory language because it failed to state when the original term of imprisonment would expire or the term for jail breaking would begin. That provision at the end of the section is manifestly not a definition of the offense, but relates only to the punishment for the offense and could not properly be included in the charge. There was no error in denying the motion to quash. (*Houpt v. State,* 100 Ark. 409.)

The principal contention is that the acts of the defendant, as shown by the testimony, did not amount to a breaking of jail within the meaning of the statute, and that the court erred in the instruction given upon the subject. After producing evidence to the effect that defendant had been found and adjudged guilty of passing a

State v. Clark.

worthless check and was confined in the jail under the judgment, testimony was offered by the state tending to show that defendant and four other prisoners were confined in a cage which opened into one of the corridors of the jail.  On the morning of the breach and escape, the jailor went to the cage for the purpose of taking out a trash bag containing watermelon rinds and other refuse.  To do this he unlocked and opened the door of the cage sufficiently far to take out the trash bag, whereupon three of the prisoners, including the defendant, pushed the door which opened outwards against the jailor.  The defendant and one other prisoner hit the jailor on the head, took hold of him and threw him violently against the metal door, fracturing his arm, wrenched his hand loose from the handle of the door, threw him down, and while he was down and disabled the defendant as well as the other prisoners escaped.  The contention of the defendant is that under the statutory provision there was no breach of the prison, for the reason that the door through which defendant escaped was not locked, and that he passed out of the cage and jail without unlocking the door or severing any part of the structure.  It is insisted that a constructive breaking is not a violation of the statute, and that there being no obstruction to their leaving the prison it did not amount to a breaking.  It has been held that a constructive breaking is not a violation of the statute and that something must be done to open a way through confined walls or other obstruction to a free entrance or exit.  The holding was that there must be an actual application of force and that an escape accomplished by strategem and not by force is not a prison breach. (*State v. King,* 114 Ia. 413.)   This authority recognizes that the opening of the way through an obstruction by force and violence was a violation of the statute.  Here as we have seen there was both force and violence used to open the way to an escape.  Although no part of the walls or door of the jail was severed, the jailor at the time of the escape formed a part of the inclosure and was a physical obstruction to an escape.  He was assaulted and beaten, thrown down and his arm fractured by the defendant and those aiding in the escape.  While a mere constructive breaking, as walking out of an open prison door without using force or violence is not a violation of the act, it is a prison breach to break out through any confining wall or obstruction by force or violence.  (2 Bishop on Criminal Law, 9th ed., § 1081; 10 R. C. L. 580.)   The door of the cage was not opened unnecessarily by the jailor, as it appears there was

no other opening through which the trash container could be removed. There was no negligence on the part of the jailor, as he opened the door just wide enough for the passage of the trash bag, and he stood in the door with his hand on the lever until the defendant and others broke through the obstruction by force and violence. The trial court's instruction on the question was a correct statement of the law. It is:

"If you find from the evidence in this case that the defendants went out of the jail without any obstruction, the doors thereof being left open with the consent of or through the negligence of the jailor, or if they otherwise escaped without any force or violence, it would not be said that they broke jail or prison, but if they used force or violence to overcome the jailor, and went out without his consent, then it would be said that they broke jail. If the defendants acted in a wrongful combination or conspiracy with other prisoners to effect unlawful escape from the jail, then they would be as responsible for the acts done in pursuance of such combination or conspiracy, even though they may not have used actual force or violence themselves."

The judgment of the district court is affirmed.