No. 43,309

STATE OF KANSAS, *Appellee*, v. ARNOLD McGREW, JR., and GARY GARDNER, *Appellants*.

(378 P. 2d 94)

Opinion filed January 26, 1963.

*Wilson E. Speer* and *Richard L. Roberts*, both of Olathe, argued the cause and were on the briefs for the appellants.

*Hugh H. Kreamer*, county attorney, argued the cause, and *William M. Ferguson*, attorney general, *Robert Hoffman*, assistant attorney general, and *Bernis G. Terry*, assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal in a criminal proceeding from the trial court's order overruling a motion for new trial.

The two defendants, appellants here, were prisoners in the Johnson county jail along with David Campbell. The three men were so-called "trusties" of the jail and from time to time were assigned certain work details by the jailer, who was a deputy sheriff. On the evening of December 31, 1961, they were assigned to a work detail of cleaning and polishing floors on the third floor of the courthouse where the Johnson county jail is located. The sheriff's administrative offices are also on the third floor and they include a detective division located in the northwest part of the space devoted to the sheriff's offices. The three men were taken to the detective division offices by the jailer at approximately 6:10 to 6:15 p. m. and were

told to clean the floors in the detective division offices. The jailer then left to perform some other duties. An outside window in the detective division was closed when the men were directed to clean the floors. The window frame also had an inside screen.

The jailer did not lock the door when he left the men in the detective division but he returned in ten or fifteen minutes and discovered the door was locked from the inside. He gained entrance thereto by use of a pass key. He found three pairs of prisoner coveralls on the floor, the prisoners' personal clothing had been taken from a closet, the screen on the window had been removed from the window, and the window was open. He looked out the opened window and saw tracks in the snow over an adjoining roof leading to a roof door in the north wing of the courthouse. A few days later the prisoners surrendered themselves and were again taken into custody.

Appellants present five specifications of error but the controlling question is whether the above facts constitute a jail break as contemplated by G. S. 1949, 21-735. It is undisputed that this particular question has not been previously determined by this court and we are called upon for the first time to determine whether a situation such as the one here presented was contemplated under 21-735 which reads as follows:

"If any person confined in any county jail·upon conviction for any criminal offense, or held in custody going to such jail, shall break such prison or custody and escape therefrom, he shall upon conviction be punished by confinement and hard labor not exceeding three years, or in a county jail not less than six months, to commence at the expiration of the original term of imprisonment."

We have examined the authorities from foreign jurisdictions cited by the parties but we conclude those decisions are not compelling and decisive of this particular set of circumstances. Our situation is not the usual one that exists in numerous Kansas counties where the county jail is in a building separate and apart from the courthouse. Here the third floor of the courthouse surrounded by walls of the building housed the jail cells, the jailer's office with his desk immediately outside the jail cells, and other offices used by the sheriff including the detective division.

According to appellants' argument the only part of the third floor from which a prisoner could be considered as breaking jail would be that portion actually surrounded by bars. In *State v. Clark*, 121 Kan. 817, 250 Pac. 300, 50 A. L. R. 986, the defendant was charged under 21-735, and this court there held:

"Although no part of the building was severed and the defendant escaped through an unlocked door, the offense was made out by showing that when the jailor unlocked and opened the door of a cage wide enough to take out a trash container, he was assaulted, beaten and thrown down by the defendant and other prisoners confined therein, who then escaped from the cage and jail." (Syl. ¶ 3.)

The force used in the Clark case was an assault upon the jailer and was more pronounced than any force used in our present case. At page 819 of that opinion this court stated at the time of the escape the jailer formed a part of the enclosure and was a physical obstruction to an escape. The court further stated that while a mere constructive breaking, as walking out of an open prison door without using force or violence is not a violation of the act, it is a prison breach to break out *through any confining wall or obstruction by force* or violence. Appellants did not leave through the open door of the detective division offices but admittedly gained their exit by removal of a screen and opening of a window. The Clark opinion further stated:

"It has been held that a constructive breaking is not a violation of the statute and that something must be done *to open a way through confined walls or other obstruction to a free entrance or exit.*" (Our emphasis.) (p. 819.)

Applying the language used in the Clark case to the facts and circumstances of our present case, our conclusion must be that under 21-735 there was a breaking of the county jail.

Appellants spend some time discussing circumstantial evidence. We can see no reason for the application of circumstantial evidence in this case and we think the trial court did not err in failing to instruct thereupon. They also argued they applied no force in gaining their freedom but when they admit they removed the screen, opened the window, and escaped through the opening thus provided, it makes no difference which one of the three used such force as was necessary to remove the screen and open the window.

The burden is upon appellants to show to this court that reversible error has been committed but under the present facts and circumstances and in view of the ruling in the Clark case, we are compelled to hold that burden has not been sustained by them, and while we have carefully noted and considered all arguments propounded by appellants, we must conclude the trial court did not err in any of the particulars complained of.

Judgment affirmed.