### HARVEY RANDALL v. THE STATE.

1. In charging a misdemeanor it is not necessary to use the terms "feloniously" or "unlawfully," unless such terms form part of the statutory definition of the offence.

2. In this state, prison breach by a prisoner committed for a crime not punishable with death is a misdemeanor, and neither of the terms "feloniously" and "unlawfully" is necessary in its definition.

3. Charging a prisoner with breaking out of prison is the same as charging him with breaking prison.

4. If a prisoner, being in the corridor of a jail, unlocks a door between the corridor and one of the cells and thence escapes, he commits prison breach.

Indictment for prison breach.

Argued at February Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and DIXON.

For the plaintiff in error, *Francis J. Swayze.*

For the state, *Theodore Simonson.*

The opinion of the court was delivered by

Dixon, J.   This writ of error is prosecuted to reverse a judgment of the General Quarter Sessions of Sussex county upon the conviction of the plaintiff for prison breach.   Several questions are raised with regard to the organization of the grand jury and the jurisdiction of the court, which have been at this present term considered and decided in reviewing a judgment against the plaintiff for stealing.   The other questions relate to the indictment and the proof.

It is claimed that the indictment is defective because it does not allege the prison breach to have been committed feloniously or unlawfully.

Neither of these terms is necessary unless it forms part of the statutory definition of the offence which the pleading is designed to charge, or unless that offence is a felony.   *Whart. Cr. Pr., & Pl.*, §§ 260, 269.

Blackstone declares that, at common law, breach of prison by the prisoner himself, for whatever offence he was committed, was a felony, but that, under the statute *de frangentibus prisonam* (1 *Edw. II.*), prison breach became an offence of the same grade as the offence for which the prisoner was confined.   4 *Bl. Com., ch.* 10.   Under section 12 of our Crimes act (*Rev., p.* 228), it is a misdemeanor, unless the imprisonment is for a crime punishable with death.   In the present case, the plaintiff was imprisoned for a statutory misdemeanor.   His prison breach was, therefore, also a misdemeanor, and hence in its description neither of the words "felonious" and "unlawful" is requisite.

The indictment is further objected to because it charges the plaintiff with breaking out of prison, instead of breaking prison.

Although the latter form of expression is the one sanctioned by the usage of both the common law and the statutes, and

therefore is preferable in all legal proceedings, yet we are un-- able to conjecture how, as applied to a person in prison, his breaking out of prison can mean anything ·different from his breaking prison.  Wharton defines prison breach as the forcible breaking out of the place, &c.   *Cr. L.*, § 1672.

We think the language of the indictment is sufficient.

The proof was, that the plaintiff, being in the corridor of the jail, with a wooden key unlocked a padlock which fastened a door between the corridor and one of the cells, and thence· escaped.   His counsel insists that this is not a breaking.

Although it is said an actual, as distinguished from a con-- structive, breaking is necessary to the crime of prison breach, nevertheless we think that any breaking which has been ad-- judged actual with respect to other crimes should be deemed sufficient for this offence.   The same expression used in the· same branch of the law should denote the same idea, unless· there be good reason for a distinction.   In burglary, the un-- locking and opening of a house door for the purpose of entry is actual breaking.   4 *Bl. Com.* 226.   So, we think, the un-- locking and opening of a prison door for the purpose of escape is actual breaking in the offence of prison breach.   We see no ground for discrimination.   The object of the law denouncing these crimes is not to preserve the buildings from damage, but to prevent the entry of the burglar in the one case and the escape of the prisoner in the other, when proper material safe-- guards are interposed.   This law would be exceedingly de-- fective if it failed to reach so common a means of entry and escape as the picking of locks.

The judgment should be affirmed.