STATE OF IOWA v. THOMAS KING, Appellant.

Escape From Prison: WHAT IS NOT. Under Code, section 4897, providing that if any convict breaks prison and escapes, he shall be imprisoned for a certain term after the expiration of his original term, where a convict was taken, with others, to work in stone quarries two miles from the prison, his escape by dropping unseen into a natural crevice in the rock, was not an escape within the statute.

SAME. Where a convict was taken, with others, to work in a stone quarry two miles from the prison, his escape by dropping unseen into a natural crevice in the rock, the opening to which was covered by a companion and the covering removed by defendant on his departure, was not a breaking, within Code, section 4897, since it was accomplished by stratagem, and not by force.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

TUESDAY, OCTOBER 1, 1901.

THE defendant was convicted of breaking and escaping from the penitentiary at Anamosa, and from judgment sentencing him to serve a year therein he appeals.—*Reversed.*

*B. E. Rhinehart* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Chas. A. Van Vleck,* Assistant Attorney-General, for the State.

LADD, J.—The appellant, while a prisoner in the penitentiary at Anamosa for a period less than life, was taken, with about 80 other convicts, to work in the stone quarries, situated about two miles northwest of the prison proper, owned and operated by the state under the supervision of the warden. When returning from dinner, he and another dropped into a natural crevice in the rock, the opening to which was thereupon covered by one

of their companions. They were soon missed by the guards, and, as the quarry was watched for some time, must have remained there for nearly two days, and then removed the covering and departed. That the accused escaped from custody is conceded, but it is insisted that there was no breaking. The statute under which the indictment was returned reads: "If any person confined in a penitentiary, for any less period than for life, breaks such prison and escapes therefrom, he shall be imprisoned in such penitentiary for a term not exceeding five years, to commence from and after expiration of the original term of his imprisonment." Section 4897, Code. It will be observed that the offense described is not breaking and escape from prison generally. The words "such prison" inevitably refer back to "penitentiary," and it is the breaking and escape from that prison only which is denounced by this statute. If this were not true, there would have been no occasion for the enactment of the section following, relating to jail breaking. The argument of the state, then, in so far as based on the various definitions of "prison," is not pertinent to the case. As said, these stone quarries are about two miles from the penitentiary, and nothing in this record or the statutes indicate that they are included therein as a part of it. Indeed, section 5707 of the Code, in authorizing the warden to work convicts therein, describes them as the state stone quarries near the penitentiary. Whether they might have been included need not be considered. It is enough that the statute treats them as near to, but not a part of, the penitentiary, and there is no evidence to the contrary. But, if the quarries were to be regarded as a part of the particular prison described, it does not follow that there was a breaking. These men merely concealed themselves from the guard until the latter withdrew, and then walked forth from the quarries without any impediment whatever. The acts constituting the breaking of a prison are not different from those essential to be shown in establishing burglary or

other criminal breaking, save, possibly, in the direction from which applied. *Randall v. State*, 53 N. J. Law, 488. (22 Atl. Rep. 46). Something must be done tending to open a way through confining walls or other obstructions to free entrance or exit. By getting in or out of the crevice, or causing the covering to be placed, or in removing it, the defendant neither broke away from nor through any obstruction whatver to his confinement in the prison. He merely eluded temporarily the personal custody of the guards, and when he stepped from the hole in the rock it was at precisely the same place he had left when entering, with no physical obstacle to his freedom removed, save in the departure of the guards. His escape was accomplished by stratagem, not by force. It is the same as though he had concealed himself under cover in his cell, or one of the corridors, and the attendant, not observing him, had left the door open, and he had walked out. This would be an escape, but no one would contend that mere hiding constituted a breaking. It has long been settled that there must be some application of force,—an actual breaking, not merely constructive,—to constitute a prison breach. See *Rex v. Haswell*, Russ. & R. 458; 11 Am. & Eng. Enc. Law, 303; *Randall v. State, supra.* Hiding within was not breaking out. Eluding the guards by stratagem was not an interference by force with the natural or artificial prison barriers to escape. As there was no breaking within the meaning of the law, the jury should have been directed to return a verdict for the defendant.—REVERSED.