[No. 15666. Department One. February 27, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v.
W. M. HOFFMAN, *Appellant*.[1]

STATUTES (77)—CONSTRUCTION—PENAL STATUTES. In the construction of a penal statute, there can be no recourse to the intention of the act to establish its interpretation—or to make criminal that which is not so denominated.

FISH (18)—OFFENSES—REPORT OF FISH CAUGHT. Under Laws 1917, pp. 786, 793, §§ 51, 52, which require gill net fishermen to be licensed and to make reports of the number of fish caught, the statutory exemption from additional fees does not absolve gill net fishermen from the necessity of making the report.

SAME (18). Laws 1917, p. 793, § 52, requiring gill net fishermen to report the number of "fish caught during the preceding four months period," does not require any report where no fish were caught during such period.

Appeal from a judgment of the superior court for Wahkiakum county, Hewen, J., entered July 1, 1919, upon a trial and conviction of illegal fishing. Reversed.

*G. C. Fulton* and *A. C. Fulton*, for appellant.

*The Attorney General, Roscoe R. Fullerton*, and *J. C. McFadden*, for respondent.

[1]Reported in 188 Pac. 25.

MACKINTOSH, J.—The appellant was convicted upon an information charging him with the violation of § 52, ch. 31, Laws of 1915, p. 90 (Rem. Code, § 5150-52), as amended by § 11, ch. 169, Laws of 1917, p. 793, in that, being the owner of a gill net fishing license for the Columbia river and a gill net, he failed to report on March 31, 1918, the number of fish caught by him during the preceding four months.

The appellant's contention is that there could be no conviction for the reason that he caught no salmon or food fish during the time referred to in the information; that it is not a crime for the owner of a gill net, having a license therefor for the Columbia river, to fail to make a report when he had not operated the net.

Sections 51 and 52 of the statute (ch. 169, Laws of 1917, pp. 786, 793), provide:

"Every person, firm or corporation operating any of the fishing appliances hereinbefore mentioned (except gill nets and set nets) which by the terms of this act are required to be licensed, shall, in addition to their license fees in this act provided, pay to the state for the food and shell fish taken from the waters thereof as follows [then follows a schedule of fees for all such appliances].

"Every owner of any fishing appliance, which by the terms of this act is required to be licensed, shall report to the commissioner under oath on blanks to be furnished by the commission, upon request, on the last day of March, July and November of each year for the four months preceding the date on which the report is made, stating the number of salmon, species stated separately, the number of crabs, sturgeon, pounds of smelt, herring, shrimps, clams and shad and other food fish caught during the preceding four months period together with the name of the person, firm or corporation to whom such fish were sold, with the number and quantity delivered to each purchaser, and shall at the same time remit the license charges and the additional fees as by this act provided . . . ."

The agreed facts show that the appellant was the owner of a fish boat and gill net such as is ordinarily used on the Columbia river, and such as is referred to in ch. 169, Laws of 1917, p. 780; that on April 1, 1917, the appellant was issued a gill net license effective between April 1, 1917, and March 31, 1918; that the appellant did not use his gill net during that period or catch any fish from the Columbia river; that the appellant made no report to the fish commissioner.

In construing the provisions of the act as they bear upon the matter before us, the fundamental rule that penal statutes are to be strictly construed is to be borne in mind. Unless the language of the statute makes the conduct of the appellant criminal, there can be no recourse to the intention of the act to establish its interpretation. Though conduct may be within the reason of an act and the mischief to be remedied thereby, yet it cannot be punished as a crime if not so denominated by the statute. Lewis, Sutherland's Statutory Construction (2d ed.), § 520.

The argument of the state that the fisheries code is a revenue measure and should receive such interpretation as to assist the fish commissioner in easily determining, by reports from license holders, the amounts of tonnage, taxes and royalties to be paid by brokers, preservers, etc., considered in the light of the penal nature of the statute, fails of persuasiveness. Unless the language of the act clearly makes criminal the failure to file a report, resort will not be had to the purpose of the act in construing it, even though that purpose would be best served by compelling such reports.

Turning to the sections involved, we find the gill nets must be licensed but need pay no additional fees; and the appellant argues that he cannot be prosecuted for failure to make a report whether he caught fish or

not for the reason that § 52 calls for the performance of two acts, one, to report, and two, payment of fees, and that gill netters, not being liable for fees and the two acts being contemporaneous, failure to perform one alone would not be a violation of the section. The statute provides for a report from one who requires a license and the fact that he may be exempt from additional fees does not absolve him from the necessity of reporting, and appellant cannot be relieved of the penalties attached to the one because of a statutory exemption from the other. The question, then, is narrowed to whether the act calls for a report from a licensee who had caught no fish, and the answer must be that no such report is necessary; for the language of the act calls for reports of "fish caught during the preceding four months period together with the name of the person  .  .  .  to whom such fish were sold." There is nothing here in any way requiring a report simply as a report; the penalty is imposed for failing to report fish caught. The appellant committed no crime in not reporting either his abstinence from the use of his licensed appliance or his complete failure to catch a fish.

The judgment of conviction is reversed.

HOLCOMB, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.