[No. 30372.   Department Two.   April 8, 1948.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
HOFFMAN, *Appellant*.[1]

*Casey & Johnson*, for appellant.

*Wm. Keylor Smith*, for respondent.

BEALS, J.—The defendant herein, George Hoffman, being then confined in the state penitentiary at Walla Walla, was, by information filed April 25, 1946, by the prosecuting attorney of Walla Walla county, charged with the crime of

[1] Reported in 191 P. (2d) 865.

"escape as prisoner," the charging portion of the information reading as follows:

"That the said George Hoffman in the county of Walla Walla, State of Washington, on the 24th day of April, 1946, being then and there a prisoner confined in a prison to wit: The Washington State Penitentiary, under and by virtue of a sentence imposed and commitment issued by R. M. Webster, a judge of the Superior court of Spokane County, Washington, on the 1st day of February 1944, in a cause entitled 'State of Washington against George Hoffman, Defendant' in which said George Hoffman was convicted of the crime of Burglary in the Second Degree did then and there wilfully, unlawfully, and feloniously escape from said prison by the use of force and fraud."

The defendant, having pleaded not guilty to the information, was put upon his trial, the jury finding the defendant guilty as charged by the information. From a judgment and sentence imposed pursuant to the verdict of the jury, the defendant has appealed.

Appellant assigns error upon one of the trial court's instructions to the jury; upon the court's refusal to give a requested instruction; upon the denial of appellant's motion for a directed verdict, and upon the denial of his motion for a new trial.

Appellant did not testify and introduced no evidence, and, on this appeal, relies solely upon his contention that the evidence introduced by the state is not sufficient to support the verdict of guilty, the judgment based thereon, and the sentence imposed.

The evidence discloses that, during the month of April, 1946, appellant was lawfully confined, as above stated, in the Washington state penitentiary, and, on the twenty-fourth day of that month, was so confined. It appears from the evidence that, on the date last mentioned, appellant, in some unknown manner, concealed himself in the recreation yard of the penitentiary, hiding there until after the yard supposedly was cleared; that, after the guards had been withdrawn from the watch towers overlooking the yard, appellant, with the aid of a basketball backstop post, climbed the wall surrounding the yard, the wall being four-

teen feet in height, and escaped. The statement of facts contains no direct evidence that appellant hid in the yard, while present there during the recreation period, on the day of his escape, but testimony introduced by respondent tends to eliminate any other theory concerning his escape.

Appellant was taken into custody in the city of Tacoma, May 28, 1946, and returned to the penitentiary. In due time, he was placed upon his trial, pursuant to the information referred to above.

No evidence introduced by the state supports the charge that appellant escaped from the penitentiary by "fraud," and the court properly withdrew that portion of the charge from consideration by the jury. Respondent argues that, from the evidence, the jury was warranted in finding that appellant escaped from the penitentiary by the use of force.

Rem. Rev. Stat., § 2342 [P.P.C. § 114-109], reads as follows:

"Every prisoner confined in a prison, or being in the lawful custody of an officer or other person, who shall escape or attempt to escape from such prison or custody, by force or fraud, if he is held on a charge, conviction or sentence of a felony, shall be guilty of a felony; if held on a charge, conviction or sentence of a gross misdemeanor or misdemeanor, he shall be guilty of a misdemeanor."

There is no statute in this state making escape from prison an offense save the above, which declares an escape "by force or fraud" to be a crime.

From the statement of facts, it appears that, when the usual evening count of the prisoners disclosed appellant's absence, a search was made, with the result that the above-mentioned, four-by-four-inch post, nine or ten feet in length, was found leaning against the inside of the wall enclosing the recreation yard. This post had been a support of a basketball backstop in the yard. The lower end of the post, which had been buried in a block of cement, was much rotted and decayed. Leaning against the wall, the post reached to within three or four feet of the wall's top. On the outside of the wall, near the point where one using

the post as an aid in mounting the wall would have descended to the ground, were footprints indicating that the person who made them had an unusually short stride, which corresponded with that of appellant.

The statement of facts contains no evidence as to how, when, or by whom the basketball post was broken at the surface of the ground or placed in position against the wall, the evidence disclosing, however, that the post was much rotted at its base.

The issue is narrow and sharply drawn between appellant and respondent, the former contending that the record contains no evidence to the effect that appellant used "force" in escaping from the penitentiary, while respondent contends that the evidence affords a sufficient foundation for the verdict of the jury and the judgment entered thereon.

In the case of *State v. Hoffman,* 110 Wash. 82, 188 Pac. 25, it was held that penal statutes must be strictly construed. In the course of the opinion, the court said:

"Unless the language of the statute makes the conduct of the appellant criminal, there can be no recourse to the intention of the act to establish its interpretation. Though conduct may be within the reason of an act and the mischief to be remedied thereby, yet it cannot be punished as a crime if not so denominated by the statute. Lewis, Sutherland's Statutory Construction (2d ed.), § 520."

Rem. Rev. Stat., § 2298 [P.P.C. § 112-83] (which is a portion of chapter 249, p. 890, Laws of 1909, entitled "Criminal Code"), reads as follows:

"Every provision of this act shall be construed according to the fair import of its terms."

It may be noted that § 884 of the Code of 1881 made it a crime for a person confined in jail to "break such jail and escape therefrom"; Rem. Rev. Stat., § 2342, *supra,* being essentially a re-enactment of the prison-break statute, with the addition of the element of fraud, and refers to an "escape," without direct reference to the element of prison break. Many states have enacted statutes making it a crime for one lawfully confined to escape from prison, but, in this

jurisdiction, such an escape is not made a crime by statute unless effected by "force or fraud."

Appellant and respondent are correct in agreeing that the word "force," as used in the statute above quoted, is the equivalent of an element of the common-law crimes of "prison break" or "prison breach." It is also true that there is some analogy between the use of force in effecting a "prison break" or an escape from prison, and the use of force in effecting a burglarious entry. To support a conviction of burglary, it must appear that some degree of force was used in effecting the entry.

Respondent cites the case of *State v. Rosencrans,* 24 Wn. (2d) 775, 167 P. (2d) 170, in which a judgment of guilty of the crime of second-degree burglary was affirmed. In the course of the opinion, we said:

"The gist of burglarious breaking is the application of force to remove some obstacle to entry, and the amount of force employed is not material. The exercise of the slightest force is sufficient. The breaking consists of the removal by the intruder, by the exercise of force, of an obstruction which, if left untouched, would prevent entrance. Hence, the application of force to push further open an already partly open door or window to enable a person to enter a room or building, is a breaking sufficient to constitute burglary if the other essential elements of the offense are present."

As to the crime of burglary, the foregoing statement is supported by the weight of authority.

In the case at bar, there is no evidence directly tending to prove that appellant broke the rotted post loose from the ground and placed it against the wall to use as an aid in effecting his escape. As to this phase of the case, the evidence is purely circumstantial.

An authority very frequently cited in cases involving prison break is the English case, decided in 1821, of *Rex v. Haswell,* Russ. & Ry. 458, 168 Eng. Rep. 896. In that case, it appeared that the defendant was charged with a felony by way of prison breach, he having, while in prison under a lawful sentence, escaped by tying two ladders together, placing them against the wall of the prison yard,

and climbing to the wall's top. Loose bricks had been placed upon the top of the wall in such manner that any person climbing over the wall would dislodge the bricks, causing them to fall and so give an alarm. It appeared probable that the bricks were accidentally thrown down by the prisoner in passing over the top of the wall. The judge who tried the case was in doubt as to whether the defendant was guilty of "prison breaking" or merely escaping, the latter constituting a lesser offense. Judgment was reserved for disposal by the entire court. After consideration, the judges were unanimously of the opinion that the escape was a "prison breach," and, therefore, a felony.

The case has been frequently cited and discussed by text writers and courts. While the headnote preceding the statement of the case indicates that the throwing down of the loose bricks resting on the top of the wall constituted the escape a prison breach, even though they were dislodged by accident, the summary of the opinion of the judges does not directly state that the overthrowing of the bricks was the decisive point in the case. Text writers and courts have cited the case of *Rex v. Haswell*, assuming that the dislodgment of the bricks was the point upon which the judges reached their conclusion that the defendant was guilty of prison breach. It seems probable that such was the case, but, as respondent argues, the conclusion of the judges was simply that the record showed that the crime of prison breach had been committed.

Counsel for respondent argues that the amount of force required to scale a wall is greater than that required to open a closed door or to push further open an already open door, both of which actions, as well as others requiring the exertion of comparatively little physical force, have been held to constitute a "breaking," within the statutes making burglary a crime.

The amount of muscular force necessarily exerted in accomplishing a certain act is not the criterion by which the legal results following from that act must be determined. Walking along level ground requires some physical exertion, climbing a steep incline or a flight of stairs

or a ladder or a rope requires more exertion, much more than pushing further open a partially open door, but the latter act constitutes a forcible entry or exit because the force exerted removes an obstacle to such entry or exit, while the other acts have not the same legal consequences.

Several standard texts on criminal law state that a prisoner climbing over a prison wall is guilty of escape but not of prison breach. 2 Brill, Cyclopedia of Criminal Law 1795, § 1167; Harris's Criminal Law (13th ed.) 61, 62; Clark & Marshall, Law of Crimes (4th ed.), 604.

In the case of *State v. King,* 114 Iowa 413, 87 N. W. 282, 89 Am. St. 371, 54 L. R. A. 853, the supreme court of Iowa said:

"The acts constituting the breaking of a prison are not different from those essential to be shown in establishing burglary or other criminal breaking, save, possibly, in the direction from which applied. *Randall v. State,* 53 N. J. Law, 488 (22 Atl. Rep. 46). Something must be done tending to open a way through confining walls or other obstructions to free entrance or exit."

In the case of *State v. Hatfield,* 66 Wash. 9, 118 Pac. 893, 38 L. R. A. (N.S.) 609, this court held that an attempt to saw a bolt in a cell grating constituted the use of force in an attempt to escape from prison.

■ The common law distinguished between the offenses of escape, on the one hand, and prison breach or prison break, on the other, the first being the unlawful departure of a prisoner from custody without any exertion of force, the latter being the offense of breaking from a prison with or by the exertion of force, in contrast to an escape by stratagem. 1 Burdick, Law of Crime, 458, 468, §§ 305, 312; 19 Am. Jur. 362, 363, §§ 5, 6; 30 C. J. S. 1142, 1148, §§ 2, 13.

■ The only statute of this state making an escape a crime is Rem. Rev. Stat., § 2342, *supra,* in which the word "escape" is used instead of the common-law term "prison break," and, to constitute a crime within the statute, the escape must be "by force or fraud." The use of the word "force" in connection with escape necessarily indicates the

common-law offense of prison break, as, otherwise, the word "force" would be superfluous. The statute does not make an escape from prison an offense unless accompanied by the use of either force or fraud. The crime established by the section is not defined by statute and, consequently, must be construed with the aid of the common law. Rem. Rev. Stat., § 2299 [P.P.C. § 112-85]; 3 Sutherland, Statutory Construction (3d ed.), 1, §§ 5301, 5302, 5303; 10 R. C. L. 579, 580, §§ 2, 3; *United States v. Zimmerman,* 71 F. Supp. 534, 537.

In 2 Brill, Cyclopedia of Criminal Law, 1795, § 1167, it is stated that one confined in prison who merely climbs over the prison wall and escapes is not guilty of prison breach (citing the case of *Rex v. Haswell, supra.*)

In the case of *Crosby v. Commonwealth,* 242 Ky. 62, 45 S. W. (2d) 822, the defendant and other prisoners escaped from jail by passing through a tunnel which had been dug through the wall, then using a rope or ladder of blankets which extended from the second floor of the prison to the ground. It did not appear that the defendant on trial had assisted in tunneling the wall, and it was held that, under the statute of Kentucky, the defendant was not guilty of forcible escape.

■ The evidence introduced by respondent does not support the jury's finding that appellant used "force," within the meaning of Rem. Rev. Stat., § 2342, *supra,* in the course of his escape from the penitentiary. The trial court instructed the jury that the use of force was an essential element of the crime with which appellant was charged, and that "The physical force required to climb a wall . . . if you find he did any of these things, would be escaping by the use of 'force.'" In so instructing the jury, the trial court erred, as the jumping over or climbing of a wall is not the use of force, within the statute.

The record contains no evidence which supports the jury's verdict finding appellant guilty as charged.

The trial court erred in denying appellant's motion for a directed verdict of not guilty.

The judgment appealed from is reversed.

MALLERY, C. J., STEINERT, SIMPSON, and JEFFERS, JJ., concur.