### UNITED STATES v. COPLON et al.

United States District Court
S. D. New York.

Dec. 16, 1949.

See also 88 F.Supp. 910, 88 F.Supp. 915.

Irving H. Saypol, United States Attorney, New York City, Attorney for plaintiff, John M. Kelley, Jr., Raymond P. Whearty and Fred E. Strine, Special Assistants to the Attorney General, of counsel.

Archibald Palmer, New York City, attorney for defendant Coplon.

Pomerantz, Levy, Schreiber & Haudek, New York City, attorneys for defendant Gubitchev, Abraham L. Pomerantz, New York City, of counsel.

RYAN, District Judge.

Defendants move to dismiss the first count of the indictment returned herein for the following reasons:

"1. That the last subdivision of Section 794 was intended to replace the general conspiracy statute contained in Section 371, Title 18 U.S.C.A., and that therefore the defendants cannot be charged with a violation of Section 371, as charged in the indictment; or, in the alternative.

"2. The first count charges therein more than one offense against the United States in that

(a) said count charges the violation of more than one substantive count;

(b) said count charges at least two conspiracy crimes, to wit, the general conspiracy contained in Section 371, and the conspiracy relating to espionage, contained in the last subdivision of Section 794." And that the "said count fails to state facts sufficient to constitute an offense against the United States."

An examination of the indictment shows that the first count is not void for duplicity. The essence of defendants' argument is that since Section 794(d), 18 U.S.C.A., covers conspiracies to violate subdivisions a, b, and c of this section, the first count of the indictment as drawn under Section 371, 18 U.S.C.A., alleging a conspiracy to violate Sections 793, 794 and 2071 and to defraud the United States charges two separate offenses of conspiracy. In other words, defendants argue that since Section 794 contains a specific conspiracy provision, a charge of conspiracy to violate that section cannot be joined with a charge

of conspiracy to violate other laws under the general conspiracy Section 371.

■ The gist of the offense of conspiracy is an agreement to commit an act prohibited by Congress, or an agreement to perform a lawful act in an unlawful manner and by unlawful means, coupled with an act by one or more of the conspirators to effect the objects of the conspiracy. Egan v. United States, 8 Cir., 137 F.2d 369. It is settled that a single agreement to commit more than one substantive crime does not become more than one conspiracy merely because it contemplates the violation of several statutes rather than of one. "Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." Braverman v. United States, 317 U.S. 49, 53, 63 S.Ct. 99, 102, 87 L.Ed. 23. Whether there is one or more conspiracy depends on whether there is a single agreement or multiple agreements, regardless of whether the undertaking is to commit one or several crimes. United States v. Speed, D.C., 78 F. Supp. 366. A single conspiracy may embrace several related conspiracies. Nye & Nissen v. United States, 9 Cir., 168 F.2d 846.

■ The first count alleges but one agreement between the defendants which had four offense-objects, viz., to violate Sections 793, 794, 2071 and to defraud the United States. There is no allegation that the defendants entered into more than one illegal agreement.

■ Looking at the statutes involved, Section 371 is drawn in most broad language. It declares illegal an agreement to violate *any* statute of the United States. 18 U.S.C.A. § 371. This language is "unmistakable"; "the phrase is used without qualification, without hint that some should be excluded." Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 946, 959. The principle of strict construction of criminal statutes does not mean that they must be given their narrowest possible meaning. United States v. Giles, 300 U.S. 41, 57 S.Ct. 340, 81 L.Ed. 493; Singer v. United States, 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285.

In Singer v. United States, supra, the Supreme Court expressly declined to decide whether a prosecution could be maintained under the general conspiracy statute for a conspiracy to violate a statute which contained its own specific conspiracy provision. That this could be done was assumed in United States v. Offutt, 75 U.S. App.D.C. 344, 127 F.2d 336. That case involved a prosecution for conspiracy to violate Section 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311. The difference between a conspiracy under Section 11 of the Selective Service Act and one under the general conspiracy section, then, 18 U.S.C.A. § 88, was that the latter required the allegation and proof of an overt act, whereas the former did not. This, however, is not a material difference. It has been held in this Circuit that the offense of conspiracy becomes complete when the agreement is made and the only effect of a statutory requirement that an overt act be shown is to permit an abandonment of the conspiracy in the meantime. United States v. Manton, 2 Cir., 107 F.2d 834, certiorari denied 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012.

The case of Enfield v. United States, 10 Cir., 261 F. 141, on which defendants rely is clearly distinguishable. The Espionage Act as then in effect provided, in Section 4, 40 Stat. 219, that "except as above provided conspiracies to commit offenses under this title shall be punished as provided by section thirty-seven of the Act * * *." Comp.St.1918, § 10212(d).[1] This section was rightly held to preclude prosecution under the general conspiracy statute for conspiracy to violate the Espionage Act. The provision as quoted above is no longer contained in the Espionage Act, as codified into Section 794. Thus the Enfield case is not dispositive of this motion.

1. See 18 U.S.C.A. §§ 794, 2388.

Defendants further urge that the first count is defective in that it charges them with a conspiracy to conspire to violate Section 794, 18 U.S.C.A. They contend that the indictment charges them under Section 371 with conspiring to violate, *inter alia,* the "provisions" of Section 794; that since one of the provisions of Section 794 is subdivision (d), there is charged a conspiracy to conspire.

Defendants' position on this is not well taken. The specifications as to the conspiracy in the succeeding paragraphs of the first count limit the charge referred to above to a conspiracy to violate the provisions of Section 794(a). (Par. 5 of first count). With this limitation, the count cannot be read as charging a conspiracy to conspire.

Lastly, defendants contend that the first count in the indictment is defective in that it fails to allege facts sufficient to constitute the crime of conspiracy. The basis of this argument is that the overt acts alleged are not in reality overt acts, but merely acts leading to the formation of the conspiracy.

The first count alleges that

* * * "In pursuance of said conspiracy and to effect the objects thereof, the defendants did do and commit, among others, the following:

"Overt Acts

"(1) On or about January 14, 1949, in the County and Southern District of New York, the defendants Judith Coplon and Valentine A. Gubitchev did meet and confer.

"(2) On or about February 18, 1949, in the County and Southern District of New York, the defendants Judith Coplon and Valentine A. Gubitchev did meet and confer.

"(3) On or about March 4, 1949, in the County and Southern District of New York, the defendants Judith Coplon and Valentine A. Gubitchev did meet and confer."

It is to be noted that the indictment charges that these alleged overt acts were "in pursuance of said conspiracy and to ef-fect the objects thereof." This charges that the conspiracy had already been formed and that the meetings between the defendants were designed to effect the purposes of the conspiracy. Therefore, the defendants' objections to the first count on the ground of insufficiency cannot be sustained.

The motions are denied.

