[No. 4139-1.   Division One.   April 5, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. HERMAN H. GINSBERG, *Appellant*.

*Murray B. Guterson,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick Mendoza, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Herman H. Ginsberg is a part owner of Sire, Inc., a corporation which operated an apartment house in Seattle. On December 31, 1974, a fire at the apartment house resulted in the death of one of the tenants.

An information was filed by the King County Prosecuting Attorney charging both Herman H. Ginsberg and the corporation with manslaughter in connection with the death. The corporation is not here involved and the defendant Ginsberg will be referred to as if he were the sole defendant.

The information charged that the decedent was unlawfully and negligently killed in violation of the manslaughter statute, RCW 9.48.060, and also in violation of the housing code of the City of Seattle, a city ordinance.[1]

In the trial court defendant moved to dismiss the information on the basis that the violation of a municipal ordinance, even if proved, cannot be the basis of a manslaughter charge. In the alternative, the defendant has moved to strike all reference to the ordinance.

The court below denied the defense motions but delayed the trial to give the defendant an opportunity to petition

---

[1]The charging language of the information reads:

"They, the said Herman H. Ginsberg and Sire, Inc., a corporation, and each of them, in the county of King, state of Washington, on or about the 31st day of December, 1974, unlawfully and negligently, *and in violation of Seattle Municipal Ordinance, Chapter 27.04 through 27.44, also known as Ordinance 99112,* did cause a human being, one Newman Amberson, to be injured by means of a fire which occurred at the Grotto Apartments, located at 1610 Belmont Avenue, Seattle, King County, Washington, from which injuries the said Newman Amberson languished and died on the 3rd day of January, 1975; said building maintained and controlled by Herman H. Ginsberg and Sire, Inc., *in violation of said ordinance;*

"Contrary to RCW 9.48.060, and against the peace and dignity of the state of Washington." (Italics ours.)

this court for a writ of certiorari. A petition was filed and certiorari was granted.

## ISSUE

One issue is here presented: Can a state manslaughter prosecution be based on the violation of a municipal ordinance?

## DECISION

CONCLUSION. The unlawful or negligent act or omission on which a state manslaughter conviction may be sought must be a breach of a duty imposed by state statute or principle of law applicable statewide, but not one imposed only by local ordinance.

■ Manslaughter is commonly defined as the unintentional killing of a person without excuse or justification, by one committing an unlawful, but not a felonious act.[2] *State v. Sill*, 47 Wn.2d 647, 651, 289 P.2d 720 (1955).

A conviction of manslaughter may also be based on a negligent act or omission. *State v. Hedges*, 8 Wn.2d 652, 666, 113 P.2d 530 (1941). A finding of ordinary negligence suffices for this purpose. *State v. Hedges, supra; State v. Williams*, 4 Wn. App. 908, 913, 484 P.2d 1167 (1971).

The precise issue here raised, whether the violation of a municipal ordinance constitutes an unlawful or negligent act or omission on which a manslaughter charge can be predicated, is an issue of first impression in this state. It is also an issue that has been dealt with but infrequently elsewhere. *See generally* 40 Am. Jur. 2d *Homicide* § 78 (1968) and 40 C.J.S. *Homicide* § 57 (1944).

■ We believe the better reasoned view to be that

---

[2]RCW 9.48.010 classifies the forms of homicide: "Homicide is the killing of a human being by the act, procurement or omission of another . . . and is either (1) murder, (2) manslaughter, (3) excusable homicide or (4) justifiable homicide." RCW 9.48.030-.040 define first- and second-degree murder. RCW 9.48.060 provides that any homicide other than murder in the first degree or murder in the second degree is manslaughter if it is not excusable or justifiable. RCW 9.48.150 in turn provides: "Homicide is excusable when committed by accident or misfortune in doing any lawful act by lawful means, with ordinary caution and without any unlawful intent."

stated in 1 O. Warren & B. Bilas, *Warren on Homicide* § 83 (perm. ed. 1938):

The ingredient of manslaughter is the unlawful taking of a human life. . . . *It must be done in pursuance of some act made unlawful by a state law having uniform operation throughout the state, and not by a municipal ordinance.*

(Italics ours.)

The reasons for this rule are discussed in *State v. Collingsworth*, 82 Ohio St. 154, 92 N.E. 22 (1910). The Supreme Court of Ohio there construed a statute which provided that one who shall "unlawfully" kill another is guilty of manslaughter. In affirming the trial court's refusal to permit the introduction of an ordinance into evidence, the court held:

If the act of killing a person which ensues from violating a municipal ordinance constitutes manslaughter, then we have a law of a general nature which perhaps is not of uniform operation throughout even Franklin county. Neither is it of uniform operation throughout the various municipalities of the state. The unlawful act contemplated as an essential element of manslaughter must be uniformly unlawful throughout the state. Otherwise, what might be that crime in Columbus might not be such in Dayton, Toledo, Cleveland, or any other city or village in the state.

While the ordinance excluded by the court in the case under consideration may be a wise public regulation for Columbus, its vitality is expended in punishing persons who violate its provisions according to the scope of the penalties therein prescribed. It may be that there is need for action by our General Assembly to provide a general law to cover cases similar to this; but until it answers the call the courts are powerless in the premises.

*State v. Collingsworth, supra* at 160.

In *State v. Bowser*, 124 Kan. 556, 261 P. 846 (1927), the Supreme Court of Kansas reversed a conviction of fourth-degree manslaughter. Not unlike our own manslaughter

statute, the Kansas statute defined the crime as the killing of a human being "by the act, procurement or culpable negligence of another."[3] The court followed *Collingsworth* and reasoned:

> The culpable negligence with which the [fourth-degree manslaughter statute] is concerned pertains to some breach of duty imposed by statute or general principle of law, not by city ordinance.

*State v. Bowser, supra* at 563. Based on this, it held:

> The judgment will have to be reversed; and in another trial all consideration of any breach of the ordinance as a factor in establishing the culpable negligence of the defendant should be omitted.

*State v. Bowser, supra* at 565. *Accord, People v. Pearne*, 118 Cal. 154, 50 P. 376, 377 (1897); *Steele v. State*, 121 Ohio St. 332, 168 N.E. 846 (1929).

A contrary view, that manslaughter can be established by proving the violation of a local ordinance, has also been expressed. That view has usually been stated merely as obiter dictum. *Hayes v. State*, 11 Ga. App. 371, 75 S.E. 523, 525 (1912); *State v. Butler*, 11 Ohio St. 2d 23, 227 N.E.2d 627, 634 (1967). The Court of Appeals of Georgia directly so held, but did so only as an alternative ground of decision. *Perry v. State*, 78 Ga. App. 273, 50 S.E.2d 709, 713 (1948). None of these three opinions exhibit an awareness of what we consider to be the relevant considerations, as do *Collingsworth* and *Bowser*.

In the present case, the State has granted the City of Seattle (the City) and other first-class cities authority to enact ordinances relating to fire protection. RCW 35.22-.280(24). The City has also been given authority to provide for the arrest, trial and punishment of persons charged

---

[3] Our state Supreme Court has referred to manslaughter statutes containing the language, "by the act, procurement or culpable negligence of another" as being "very like those of this state . . ." *State r. Hedges*, 8 Wn.2d 652, 664, 113 P.2d 530 (1941).

with violating such ordinances providing that the punishment not exceed a $500 fine, imprisonment in the city jail for up to 6 months or both. RCW 35.22.280(36).

It is thus clear that the City had the power to enact the ordinance in question and to proceed against the defendant under that ordinance. It does not follow from this, however, that the City had the right by enacting its municipal ordinance to establish thereby a standard of conduct, the violation of which could result in conviction of an offense against the State punishable by up to 20 years in the state penitentiary. RCW 9.48.060.

One's guilt or innocence of manslaughter should not be based on the happenstance of which of this state's 39 counties or 266 incorporated cities and towns[4] in which the act or omission occurs. Neither should a person be chargeable with manslaughter for something done or not done in one municipality when the identical action or inaction in a neighboring municipality might not be a crime at all.[5]

We hold as follows.

The trial court erred in not striking the references to the municipal ordinance from the information (see footnote 1). The ordinance and references to it are not admissible in evidence.

The court below did not err in denying defendant's motion to dismiss the charge. The remaining part of the information accuses the defendant of manslaughter in that he unlawfully and negligently caused the death of a human being. The record before us does not establish that a manslaughter case against the defendant based on a violation of the common-law standard of negligence must fail as a matter of law. *See State v. Williams, supra.*

Having made our decision on the basis stated, it is unnec-

---

[4]*The Research Council's Handbook, State and Local Government in Washington* 523 (4th ed. 1974).

[5]It is to be noted that there is a state building code, RCW 19.27, which became effective on January 1, 1975, just after the fire in this case occurred. RCW 19.27.030.

essary to address defendant's constitutional argument as such.[6]

Reversed in part and remanded for proceedings in accordance herewith.

FARRIS and SWANSON, JJ., concur.

---

[6]The defendant also argues that a manslaughter charge based on the violation of a city ordinance was violative of his rights under the equal protection clause of U.S. Const. amend. 14 and Const. art. 1, § 12. He cites in support thereof *Olsen v. Delmore,* 48 Wn.2d 545, 550, 295 P.2d 324 (1956) and *United States v. Antelope,* 523 F.2d 400 (9th Cir. 1975).