[No. 2305–3. Division Three. May 12, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY MOORE BURNS, *Appellant*.

---

*Robert Rowley* and *Rowley, Wilgers & Winfree, P.S.*, for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Kip B. Kendrick, Deputy,* for respondent.

McINTURFF, J.—Terry Moore Burns appeals from a conviction of second–degree manslaughter.

The sole issue is whether the trial court properly applied the new criminal code to the unchallenged findings of fact which establish the following. Mr. Burns became involved in a fight with his wife's grandfather, Alvin Flary, who was intoxicated at the time and angry with the Burns couple about some stereo equipment he had left with them. Mr. Burns attempted to remove Mr. Flary from the Burns residence, and the fight ensued.

Mr. Flary was 69 years old, weighed 150 pounds, suffered from back trouble and had a deformed hand. Initially, he was the aggressor and landed three or four moderate blows during a 5– to 8–minute period. Mr. Burns, who was 26 and several inches taller than the older man, was in control of the fight and could have ended it had he chosen to do so. Instead, he kicked Mr. Flary in the stomach, rupturing an aneurysm of which no one was aware. Mr. Flary died about 15 minutes later.

The court concluded Mr. Burns acted intentionally and that the deadly kick was delivered with "vindictiveness, skill and force." It therefore found Mr. Burns guilty of second–degree manslaughter under RCW 9A.32.070(1) which provides:

A person is guilty of manslaughter in the second degree when, *with criminal negligence,* he causes the death of another person.

(Italics ours.)

The essence of Mr. Burns' appeal is that since the court did not find negligent conduct, the conviction cannot stand.

He acknowledges that under the former manslaughter statute he could have been convicted of the offense, but he contends that by defining second–degree manslaughter as death resulting from the criminally negligent conduct of the defendant, the legislature intended to reject the so–called "misdemeanor–manslaughter" rule established in earlier cases.

We agree that under the former criminal code Mr. Burns could have been convicted of manslaughter. RCW 9.48.060 provided:

> In any case other than those specified in RCW 9.48.030 [first–degree murder], 9.48.040 [second–degree murder] and RCW 9.48.050 [killing in a duel], homicide, not being excusable or justifiable, is manslaughter.

Negligent acts *or* unlawful conduct not amounting to a felony which resulted in death could support a conviction under that statute.[1]

Basing a manslaughter conviction on the commission of an unlawful act not amounting to a felony has met with criticism on the ground of its harshness.[2] However, the decision as to whether second–degree manslaughter may be committed in the course of such intentional, unlawful conduct has been made by the legislature in unambiguous terms.

"Criminal negligence," a necessary element of second–degree manslaughter under the new criminal code is

---

[1]*State v. Sill*, 47 Wn.2d 647, 651, 289 P.2d 720 (1955); *State v. Gallagher*, 4 Wn.2d 437, 448, 103 P.2d 1100 (1940); *State v. Ginsberg*, 15 Wn. App. 244, 246, 548 P.2d 329 (1976).

[2]*See* W. LaFave & A. Scott, *Criminal Law* § 79, at 601 (1972), where the authors say:

> The assault–and–battery kind of unlawful–act manslaughter has been singled out for criticism on the ground of its harshness and on the ground of the lack of any rational theory–of–punishment basis for it. If the modern trend, barely beginning, away from "constructive crime" (including unlawful-act manslaughter as well as felony murder) continues, it should eventually sweep away this type of manslaughter from the Anglo–American criminal law.

(Footnotes omitted.) The author of this opinion also questions the wisdom of such a rule.

defined by RCW 9A.08.010(1)(d):

> A person is criminally negligent or acts with criminal negligence when he fails to be aware of a substantial risk that a wrongful act may occur and his failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable man would exercise in the same situation.

If that was the sole definition of the kind of conduct which could result in a manslaughter conviction, there might be difficulty in sustaining the trial court.[3] However, the new criminal code also provides for "substitutes for criminal negligence." RCW 9A.08.010(2) states in pertinent part:

---

[3]In its oral opinion the court aptly noted the problem. It said:

The argument is made that is there criminal negligence? With the new criminal code in front of us, we look to the definition of criminal negligence which is found in the section of the statute which has been pointed out and the court is candid and frank to state that the court is not comfortable with that definition, it's difficult and awkward to understand. "When he fails to be aware . . ." indicates that there was a duty to know something whichever it was ". . . of a substantial risk that a wrongful act may occur . . ." that implies that there is a duty to be aware of it.

Now, just how that applies in any particular given situation is difficult for the court to understand. It is stated that it's easy to analyze this on paper. The court finds it quite difficult to analyze that on paper and if this were the only enlightenment that this code gives us in order to understand what is manslaughter in the second degree, the task would be difficult indeed. But the court cannot overlook Section 2 of that same section of the statute, or paragraph 2 which deals with general requirements of culpability where it recites Substitutes for Criminal Negligence, Recklessness, and Knowledge. "When a statute provides that criminal negligence suffices to establish an element of an offense . . ." in other words, you do need criminal negligence but if that's what [sic] required, ". . . such element . . ." whatever it may be ". . . also is established if a person acts intentionally, knowingly, or recklessly." Having found, as the court now reiterates, that the defendant in this situation acted intentionally when he delivered that kick, I cannot find otherwise. It's just simply not in the evidence that it was done unintentionally in a sense that he intended to do it, he had reason for doing it and he did it. It was certainly not done accidentally or out of misfortune or by the volition of anyone other than the defendant himself. So that, rather than struggling with an attempt to apply the definition of criminal negligence, the court, being bound by the subsequent paragraph of that same statute, we insert instead of "criminal negligence", the word "intentionally." A person is guilty of manslaughter in the second degree when he intentionally not causes the death of another person

When a statute provides that criminal negligence suffices to establish an element of an offense, *such element also is established if a person acts intentionally, knowingly, or recklessly.*

(Italics ours.) And, finally, the code provides that a person acts "intentionally" when ". . . he acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).

▮ The intent of the legislature is clear, and we cannot construe the new criminal code in a manner which would defeat the obvious goal of the statutory scheme. *State v. Rinkes,* 49 Wn.2d 664, 667, 306 P.2d 205 (1957). The term "criminal negligence" is specifically defined and must be given its statutory meaning. *Barendregt v. Walla Walla School Dist. 140,* 87 Wn.2d 154, 157–58, 550 P.2d 525 (1976). The definition is clear and unambiguous in this sense, leaving nothing for this court to interpret. *State v. Roth,* 78 Wn.2d 711, 714, 479 P.2d 55 (1971).

▮ Furthermore, the legislature, when it enacted the new criminal code, was presumed to be familiar with past judicial constructions of the former manslaughter statute. Had it desired to eliminate the unlawful–act type of manslaughter, it clearly would have done so. *State v. Fenter,* 89 Wn.2d 57, 62, 569 P.2d 67 (1977). Instead, by equating the intentional commission of unlawful acts with "criminal negligence" the legislature retained the essence of the earlier manslaughter statute and its judicial construction.

Since Mr. Burns acted intentionally in kicking Mr. Flary, an unlawful act, his conviction of second–degree manslaughter is affirmed.

MUNSON, C.J., and GREEN, J., concur.

but he intentionally does the act which does cause the act, he's thereby guilty of the crime.